FAUCETT ET AL., RESPONDENTS, *v.* DEWEY LUMBER CO. ET AL., APPELLANTS.

(No. 6,283.)

(Submitted March 14, 1928.   Decided April 9, 1928.)

[266 Pac. 646.]

*Public Lands—Boundaries—Navigable Waters—Meander Lines not Boundary Lines—Cities and Towns—Obstructing Streets—Public Nuisance—Abatement—Complaint by Private Persons—Sufficiency.*

Public Lands—Boundaries — Navigable Waters — Meander Lines not Boundary Lines.
1. Meander lines run in surveying public lands bordering upon navigable bodies of water are run for the purpose of ascertaining the quantity of land for which the government requires payment; they are not boundary lines and title of the grantee is not limited to such lines but extends to the edge of the lake or stream at low-water mark, the water itself constituting the real boundary.

Same—Cities and Towns—Streets in Tract Bordering Lake Dedicated as Addition Extend to Low-water Mark.
2. Under the above rule *held*, that where the owner of land adjoining a city and bordering upon a navigable lake platted the same, dedicating certain streets as extending to the meander line, such streets under the dedication, which is equivalent to a deed, extended to low-water mark.

---

1. See 4 Cal. Jur. 388; 22 R. C. L. 286.

Public Nuisances—Obstructing Streets—Abatement—Complaint by Private Persons—Sufficiency.

3.   Under the rule that a private person may maintain an action to abate a public nuisance if the nuisance causes special or peculiar injury to him, substantial in its nature, *held* that the complaint in an action by owners of residential property on streets facing a lake, against a lumber company which had caused to be piled large quantities of lumber across the street ends and along the lake front between high and low water mark, thus cutting off access to the lake, alleging that defendant's acts made their property less desirable and less valuable for residential purposes, prevented them from reaching the water's edge, etc., stated a cause of action.

[1, 2]   Boundaries, 9 C. J., sec. 69, p. 189, n. 16; sec. 96, p. 202, n. 21.   Dedication, 18 C. J., sec. 130, p. 111, n. 29.
[3]   Municipal Corporations, 28 Cyc., p. 901, n. 84, p. 904, n. 12. Nuisances, 29 Cyc., p. 1208, n. 57.

*Appeal from District Court, Lake County; Theodore Lantz, Judge.*

ACTION by Marilou Faucett and others against the Dewey Lumber Company and others.   Judgment for plaintiffs and defendants appeal.   Affirmed.

*Messrs. Foot, MacDonald & Foot* and *Mr. W. J. Burke,* for Appellants, submitted a brief; *Mr. T. H. MacDonald* argued the cause orally.

The complaint does not state a cause of action.   The allegation of the complaint as to special damages does not suffice to entitle them to maintain an action for a public nuisance. The fatal defect in the complaint is that there is no allegation that there is any property of the plaintiffs which they are required to reach by the highways in question and which they are prevented from reaching because of the obstruction in question.   They have shown no property right in the lake; they have not alleged that there is any wharf there which is their

3.   When private citizen may obtain injunction against public nuisance, see notes in 52 Am. Rep. 574; 1 Ann. Cas. 38; 17 Ann. Cas. 1128.   See, also, 20 Cal. Jur. 278; 20 R. C. L. 463.   Interference with pleasurable use of stream as causing special damage or peculiar injury which will sustain suit for abatement by private individual, see note in L. R. A. 1917F, 208.

property or in which they have any property.   (See *Painter* v. *Gunderson,* 123 Minn. 323, 143 N. W. 910; *In re Goldman,* 132 N. Y. Supp. 607; *Curtis* v. *Charlevoix Gulf Assn.,* 178 Mich. 50, 144 N. W. 818; *Canady* v. *Coeur d'Alene Lumber Co.,* 21 Idaho, 77, 120 Pac. 830; *Cummings Realty & Inv. Co.* v. *Deere & Co.,* 208 Mo. 66, 14 L. R. A. (n. s.) 822, 106 S. W. 496; *Glasgow* v. *St. Louis,* 107 Mo. 198, 17 S. W. 743; *Knapp, Stout & Co.* v. *St. Louis,* 153 Mo. 560, 55 S. W. 104; *Davis* v. *County Commrs.,* 153 Mass. 218, 11 L. R. A. 750, 26 N. E. 848; *Spring Valley Water Works* v. *Fifield,* 136 Cal. 14, 68 Pac. 108, 136 Pac. 14; *Siskiyou Lumber Co.* v. *Rostel,* 121 Cal. 511, 53 Pac. 1118; *Frost* v. *Los Angeles,* 181 Cal. 22, 6 A. L. R. 468, 183 Pac. 342; *Wallace* v. *MacDonnough Theater Co.,* 34 Cal. App. 498, 168 Pac. 144.)   The omission to allege special damages is not cured by verdict.   (*Platte & D. Ditch Co.* v. *Anderson,* 8 Colo. 131, 6 Pac. 515.)

We contend that where a strip of land lies between other lands described by the lines of a metes and bounds description in a plat and the water line of a navigable body of water there is no conveyance or dedication of the lands between the metes and bounds description in such plat and the water line. It clearly appears from the plat that the land between the meander line and the water line of the lake is not included in the streets.

There is no evidence that the waters of Flathead Lake touched the boundaries of the plat at any stage of water. "Except where the grant under which the land is held indicates a different intent, the owner of the land, when it borders upon a navigable lake or stream, takes to the edge of the lake or stream at low-water mark; when it borders upon any other water, the owner takes to the middle of the lake or stream." (Rev. Codes 1921, sec. 6771.)   This section requires that the land shall border on the water.   A meander line is not a water boundary (*Peoria* v. *Central Nat. Bank,* 224 Ill. 43,

[82 Mont. 250.]

12 L. R. A. (n. s.) 687, 79 N. E. 296), merely used to determine amount of land to be paid for in a patented tract. We contend that unless it is shown that the streets, as inclosed by the plat, actually touched high-water mark of Flathead Lake, they did not border on it and are not within the rule of section 6771. (*Stavanau* v. *Gray*, 143 Minn. 1, 172 N. W. 885; *Southern Ry. Co.* v. *Archer*, 120 Miss. 376, 82 South. 261; *Lapish* v. *Bangor Bank*, 8 Greenl. (Me.) 85; *Axline* v. *Shaw*, 35 Fla. 305, 28 L. R. A. 391, 17 South. 411; *City of Oakland* v. *Wheeler*, 34 Cal. App. 442, 168 Pac. 23; *Siebel* v. *Pleayl*, 172 N. Y. Supp. 798; *Jones* v. *Johnston*, 18 How. (U. S.) 150, 15 L. Ed. 320 [see, also, Rose's U. S. Notes]; 39 Cyc. 369.)

*Mr. Grover C. Johnson*, for Respondents, submitted a brief and argued the cause orally.

It is the contention of the respondents that they have a right to maintain this action for reasons, as alleged in the complaint, that they are the owners of residential property, which they make their homes, which border on and are adjacent to Seventh and Eighth Streets of Cramer's subdivision to the city of Polson; that they are entitled to have these streets, which the plat dedication proves are public streets, open, free and unobstructed to the low-water mark of Flathead Lake, for the reason that the defendants have made it impossible for the plaintiffs to pass back and forth from their homes as they have done prior to the time the defendants obstructed the said streets.

Respondents contend that a dedication to the meander line of a section of land which borders on a navigable stream or lake is a dedication to the low-water mark of such river or lake. (Sec. 6771, Rev. Codes 1921; *Turner* v. *Parker*, 14 Or. 340, 12 Pac. 495; *Johnson* v. *Knott*, 13 Or. 308, 10 Pac. 418; *Knudson* v. *Omanson*, 10 Utah, 124, 37 Pac. 250; *Weiss* v. *Oregon Iron & Steel Co.*, 13 Or. 496, 11 Pac. 255; *Ulbright* v. *Baslington*,

20 Idaho, 539, 119 Pac. 292; *Provins* v. *Lovi,* 6 Okl. 94, 50 Pac. 81; *Johnson* v. *Johnson,* 14 Idaho, 561, 24 L. R. A. (n. s.) 1240, 95 Pac. 499; *Lattig* v. *Scott,* 17 Idaho, 506, 107 Pac. 47; *Reno Brewing Co.* v. *Packard,* 31 Nev. 433, 103 Pac. 416, 104 Pac. 801; *Poynter* v. *Chipman,* 8 Utah, 442, 32 Pac. 690; *St. Paul & P. R. R. Co.* v. *Schurmeier,* 7 Wall. (U. S.) 272, 19 Ed. 74.)

In the case of *Whitmore* v. *Brown,* 102 Me. 47, 120 Am. St. Rep. 454, 9 L. R. A. (n. s.) 868, 65 Atl. 516, we find the court holding that a private person has a right to maintain an action to abate a public nuisance which consisted of an unlicensed wharf which obstructed the right of access to and departure from land by way of tide waters. "The obstruction of a public highway is a common nuisance." (*Lewiston Turnpike Co.* v. *Shasta & W. Wagon Road Co.,* 41 Cal. 562.)

And the respondents maintain that under authority of section 8653, Revised Codes 1921, any private person may abate or maintain an action to abate such nuisance if specially injurious to him. In interpreting this same Code provision which was section 3495 of the Civil Code of California, the court of that state has the following to say: "A common nuisance being deemed an injury to the whole community, every person in the community is supposed to be aggrieved by it, and has the right to abate it, without regard to the question whether it is an immediate obstruction or injury to him." (*Gunter* v. *Geary,* 1 Cal. 462.)

Respondents contend that they have a right to maintain this action for the further reason that appellant's obstruction of the streets in question is not only a public nuisance but also a private nuisance, inasmuch as our section 1604 makes navigable waters public highways and appellant's obstruction of the public streets thus cuts respondents off from the free access and use of such waters as public highways. (*Hargo* v. *Hodgdon,* 89 Cal. 623, 26 Pac. 1106.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an action to abate a public nuisance. It appears that in 1918 Clerency Ducharme Cramer and Ben Cramer, her husband, being then the owners of lot 6 in section 3 of township 22, north of range 20, west of the Montana principal meridian, platted the same as an addition to, or subdivision of, the city of Polson. The north boundary line of lot 6 is the meander line of Flathead Lake, according to governmental survey. Flathead Lake is a navigable body of water. In their certificate of dedication the Cramers stated that they had caused to be surveyed and platted into lots, blocks, streets and alleys, as shown by the plat and certificate of survey attached, the land mentioned above "except a strip four feet wide having for its north boundary the north meander line of said lot 6, sec. 3, and for its south boundary the north line of Lake Street, * * * " Lake Street is shown to adjoin and run parallel with the meander line. Seventh and Eighth Streets, according to the plat and the legend thereto attached, run to the north meander line of section 3 and it seems that Ninth Street likewise runs thereto. The plat shows a strip four feet wide marked "Reserved" running along the meander line and parallel with Lake Street but intersected by the streets. In other words, the strip is in segments; for instance, it runs continuously between Seventh and Eighth Streets, and then is intersected by each street to the extent of the width of the street.

The plaintiffs, one of whom is Clerency Ducharme Cramer, are the owners of one or more lots adjacent to Seventh or Eighth Streets, upon which lots they have built homes. The Dewey Lumber Company appears to be the owner of the strip four feet wide above mentioned. That company operates a sawmill within the city limits of Polson near Seventh and Eighth Streets, and has piled large quantities of lumber along

the water line between the high and low water lines of Flathead Lake and across the north ends of Seventh and Eighth Streets in such a manner as to completely obstruct and prevent passage and travel north on those streets to the low-water line.  In January, 1926, the defendant petitioned the mayor and city council of the city of Polson to have the portions of Seventh, Eighth and Ninth Streets which adjoin the meander line closed to public use but the petition was refused.  Nevertheless, the defendant has continued to obstruct Seventh and Eighth Streets with large piles of lumber, and thereby, the plaintiffs allege, their view of Flathead Lake has been cut off, and their property has become less desirable for residential purposes and has decreased in value.  They also allege that the plaintiffs ''were accustomed to pass in vehicles and on foot along the heretofore described Seventh and Eighth Streets, which streets led from their homes to the water's edge and that they now are prevented from so passing by reason of the above described acts of the defendant.''  It is alleged that the mayor and city council, although requested by plaintiffs to commence a suit against the defendant for the removal of the obstruction in the above described streets, have refused to do so and therefore they were joined as parties defendant in the action.

The respective defendants demurred to the complaint and the demurrers having been overruled, the defendants answered.  The defendant Dewey Lumber Company alleges that it owns all the land north of Lake Street and between Lake Street and the meander line of Flathead Lake lying north of Cramer's Addition; admits that it has piled large quantities of lumber on its property lying north of Lake Street and alleges on information and belief that it has not obstructed Seventh and Eighth Streets; alleges that it has not obstructed Ninth Street and does not contemplate doing so; alleges that Seventh and Eighth Streets have never been used north of Lake Street and that immediately north of Seventh and Eighth Streets is a mud

flat and that it would be impossible to row a boat to the meander line of Flathead Lake north of Seventh and Eighth Streets except in extremely high water, and that in low water the lake recedes several hundred yards. The answer of the mayor and council is in general accord with that of the defendant Dewey Lumber Company.

The court found that Seventh and Eighth Streets are public streets of the city of Polson and extend north to the low-water mark of Flathead Lake, and that the Dewey Lumber Company, by piling lumber along the water line of Flathead Lake across the north ends of said streets, is guilty of maintaining a nuisance by obstructing the free passage along the streets to the water's edge, and rendered judgment abating the same. From this judgment the defendants have appealed.

While the facts are somewhat obscure, the trial court was justified in deciding that the dedicators intended that the several streets should run to the meander line; and, consequently, there was excluded from the strip reserved the portions occupied by the streets. This being so, the decisive question is whether a street dedicated to the meander line, which borders upon a navigable lake, ceases at the line or continues to low water. Upon the authorities the answer is clear.

The general rule adopted by state and federal courts is that [1, 2] meander lines run in surveying fractional portions of the public lands bordering upon navigable bodies of water are not run as boundaries of the tract, but for the purpose of defining the sinuosities of the banks of the lake or river, in order to ascertain the exact quantity of the upland to be charged for. The title of the grantee is not limited to such meander lines; the waters themselves and not the meander lines constitute the real boundary. (*St. Paul & P. R. R. Co.* v. *Schurmeier,* 7 Wall. (U. S.) 272, 19 L. Ed. 74 [see, also, Rose's U. S. Notes]; *Hardin* v. *Jordan,* 140 U. S. 371, 35 L. Ed. 428, 11 Sup. Ct. Rep. 808; 9 C. J. 189; *Johnson* v. *Johnson,* 14 Idaho, 561, 24 L. R. A. (n. s.) 1240, 95 Pac. 499; *Reno*

*Brewing Co.* v. *Packard*, 31 Nev. 433, 103 Pac. 415; *Poynton* v. *Chipman*, 8 Utah, 442, 32 Pac. 690.)

"It has been the practice of the government from its origin, in disposing of the public lands, to measure the price to be paid for them by the quantity of the upland granted, no charge being made for the lands under the bed of the stream or other body of water. * * * It has never been held that lands under water, in front of such grants, are reserved to the United States, or that they can be afterwards granted out to other persons, to the injury of the original grantees." (*Hardin* v. *Jordan*, supra.)

Except where the grant under which the land is held indicates a different intent, says our statute, the owner of the land, when it borders upon a navigable lake or stream, takes to the edge of the lake or stream at low-water mark. (Sec. 6771, Rev. Codes 1921; *Gibson* v. *Kelly*, 15 Mont. 417, 39 Pac. 517; *Interstate Power Co.* v. *Anaconda Copper Min. Co.*, 52 Mont. 509, 159 Pac. 408.) The fee to the lands covered by the streets is vested in the public; the act of dedication was equivalent to a deed. (*Kipp* v. *Davis-Daly Copper Co.*, 41 Mont. 509, 21 Ann. Cas. 1372, 36 L. R. A. (n. s.) 666, 110 Pac. 237; *Butte Electric Ry. Co.* v. *Brett*, 80 Mont. 12, 257 Pac. 478.) The streets therefore extend to low-water mark.

What has been said disposes of all the assignments of error [3] except that which challenges the sufficiency of the complaint. Our statute defines a nuisance to be anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction of the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal or basin, or any public park, square, street or highway. (Sec. 8642, Rev. Codes 1921.) A public nuisance is one which affects at the same time an entire community or neighborhood or any considerable number of persons, although the extent of the nuisance or dam-

age inflicted upon individuals may be unequal (sec. 8643, Id.),
and every nuisance not included in that definition is private.
(Sec. 8644, Id.) A private person may maintain an action
for a public nuisance if it is specially injurious to himself and
not otherwise. (Sec. 8651, Id.)

The foregoing statutes are in effect but crystallizations of
the common law and are consistent with the general rules which
have long been recognized by the courts. As is said in Elliott
on Roads and Streets, 4th ed., section 850.1, an individual is
not permitted to maintain a separate action or suit to redress
a wrong that is public in its nature, unless the individual
suffers or is threatened with some special, particular or
peculiar injury growing out of the public wrong. "If the
nuisance causes special or peculiar injury to an individual
different in kind and not merely in degree from the injury to
the public at large, and the injury is substantial in its nature,
the individual may have his civil remedy.   *   *   *   Where an
unlawful obstruction of a public highway merely affects in-
juriously an individual's right in common with the public
to pass over the highway, the individual suffers no injury dif-
ferent in kind from the public and has no private right of
action. Where, however, the unlawful obstruction not only
injures the right of an individual, in common with the public,
to pass over the highway, but causes peculiar and special
injury of a substantial nature to him, he has his private right
of action to redress the special wrong to him.''

We think the plaintiffs, by their pleading, have brought
themselves within the terms of the statute. They allege special
damage to themselves by reason of the obstruction of the streets
and state in plain and concise language the reason why their
damage is different from that of the general public; they set
forth among other things that the acts of the defendant Dewey
Lumber Company, which they describe, have made their resi-
dential property less desirable and less valuable for residential

purposes, and aver that they were accustomed to pass in vehicles and on foot on Seventh and Eighth Streets, which streets lead from their homes to the water's edge, and that they are now prevented from so passing by reason of the acts of the defendant. Simply as a problem of pleading, it must be held that the complaint states a cause of action. See *Blanc* v. *Klumpke,* 29 Cal. 126, *Hargo* v. *Hodgdon,* 89 Cal. 623, 26 Pac. 1106, *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 125 Am. St. Rep. 47, 92 Pac. 70, and *Stricker* v. *Hillis,* 15 Idaho, 709, 99 Pac. 831, which were decided upon statutes identical with our own.

The judgment is affirmed.

*Affirmed.*

Associate Justices Myers, Stark, Matthews and Galen concur.

Rehearing denied May 2, 1928.