BESSIE L. McCOLLUM, PLAINTIFF AND APPELLANT, v. JAMES KOLOKOTRONES AND LULLA KOLOKOTRONES, DEFENDANTS AND RESPONDENTS.

No. 9301.
311 Pac. (2d) 780.
Submitted February 19, 1957. Decided May 14, 1957.

Messrs. Poore and Poore, Butte, argued orally for appellant.
Mr. John W. Bonner, Helena, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

This is an appeal by the appellant from a judgment entered in an equity action denying her any relief. By her amended complaint filed August 28, 1952, the appellant sought to have certain wooden coops, pens, roosts, structures and fences erected by the respondents upon their property in the town of Three Forks, Montana, declared to be public nuisances and abated.

The amended complaint consisted of two separate causes of action, the first was based on the legal theory that structures which are erected and exist illegally in contravention of a valid municipal zoning ordinance, and which also, by virtue of their existence, are harmful to the appellant and to the Three Forks community, are public nuisances subject to abatement.

No specification of error or issue on appeal is predicated on the court denying relief as to the appellant's second cause of action.

Appellant is the owner of a tourist camp and filling station and resides upon her property. Respondents reside and are the owners of propery located east of appellant across a twenty-foot alley. In March of 1951, according to appellant, but according to respondent it was about the 15th of April, the respondents built a small chicken house upon their property. The respondent who testified stated he applied for a building permit but his application was rejected because he did not have a cement foundation and that he then called upon the city council. Upon checking the city ordinance book by the councilmen, he was in-

formed that the building was not big enough to require a permit, and was told by them that he did not need a permit.

Respondent later, on August 15, 1951, applied for a permit to build a second chicken house, but never heard anything further from the city council. In the latter part of September or October of 1951, he erected a second chicken house in accordance with the specifications shown in his application for permit. Also in September, the respondents built a solid board fence along the alley for about eighty feet upon their property.

Appellant testified that her property was purchased in November, 1948. It is located on U. S. Highway No. 10 at the western edge of the business section. Her residence and two of her ten cabins back up to the alley immediately across from the chicken yard of the respondents. She related that commencing in April of 1951, chickens were brought on the respondents' premises; that from the 1st of July through the rest of the summer she had been awakened by the crowing of roosters in the morning, starting at the break of day until after sunup, being a couple of hours; and that cackling hens kept her from taking a nap in the afternoon. In 1952 there were no crowing roosters until late in the fall, but there were always the cackling hens. She further testified that the smell of chicken manure, the burning of feathers and manure and droppings on the ground made an offensive odor, the intensity thereof being dependent on the degree of heat. She reported she had seen dead chickens in the yard of respondents, and insects had become more common. That by reason of the construction of the buildings they were unsightly, and that dust raised from the chicken yard. All of the above conditions were distasteful to her in the home and business in which she was engaged. She admits that the respondents try to keep the chicken yard clean, but stated that it was not possible.

In addition to the testimony of the appellant, William I. McLees, who had been mayor of Three Forks for five years before May 6, 1951, was called as a witness. He testified that approximately May 6, 1951, the permit was brought in not thoroughly

filled out, about the time when he was leaving office as mayor, and that the matter was left for the new mayor and council to handle. He also stated that the chicken house was then partially constructed, and that it was not too sightly to be on Main Street.

Frank Jones, the former water superintendent and city marshal of Three Forks, testified that the buildings were unsightly, and that he would say they were a detriment to the town.

Mr. M. E. Makoff, a member of the city council and chairman of the building committee, testified that he believed the buildings were a fire hazard inside; that the issue of the proper or improper existence of the respondents' chicken coops was tabled by the city council waiting for further information on the permits. In his opinion the chicken houses are not a fire hazard to the entire town of Three Forks.

Edwin Bellach, chief of the volunteer fire department, stated that in his opinion any frame building is a fire hazard, at least to itself. He further stated that the buildings of the respondents do not consist of a fire hazard to Mrs. McCollum as now used and kept.

Lester Groom, the sanitary inspector for Gallatin County, stated it was a potential health hazard but not an absolute health hazard.

E. P. McLain, brother of the appellant, who resides at Seaside, California and is a licensed real estate broker in the States of California and Oregon, stated that in his opinion the chicken coops would greatly depreciate any adjoining property including that of the appellant.

This comprised the case for the appellant upon which she requested the court to abate the buildings and fence as a public nuisance.

The respondents in their case called Robert L. Payne, an alderman in 1951 and part of 1952, and he testified about receipt of the application from respondents, and the fact that he had informally advised Mr. Kolokotrones that no permit was needed. It was his opinion that it was proper for respondents to construct

a chicken house without being granted a permit, and the building committee of the city council had so decided.

The present mayor of Three Forks testified with regard to the matter having been brought before the building committee of the council.

The respondents then produced a number of citizens of the Town of Three Forks, all of whom testified that the premises were kept in a clean and orderly manner, and that there was no bad odor, flies or dust resulting from the operations of the respondents.

The appellant claims error because the trial court concluded: (1) that the chicken coop structures were not public nuisances; (2) that the appellant had failed to establish the allegations of her first cause of action; (3) in rendering judgment for the respondents; (4) in finding that the structures do not constitute an additional fire hazard to the appellant and the Town of Three Forks; and (5) that the structures have not damaged the appellant or the neighborhood thereabouts.

By her specifications of error Nos. 1, 2, and 3, it is the contention of the appellant that structures built and existing contrary to law are nuisances.

The City of Three Forks, Montana, has enacted an ordinance, being No. 76, which is entitled:

"An Ordinance establishing fire limits within the City of Three Forks, State of Montana and regulating the construction, erection, repairing of and making additions to buildings therein to afford and assure a better and more safe protection against fire."

Section 1 of this ordinance prescribes the fire limits, and admittedly the properties of the appellant and respondents are within those limits.

Section 3 of the ordinance reads:

"No wall, structure, building or part thereof, shall hereafter be built, enlarged or altered until a plan of the proposed work, together with a statement of the materials to be used, shall have been submitted to the Building Inspector, who shall, if in ac-

cordance with the provisions herein contained, issue a permit for the proposed construction.

"Structures hereafter erected without permit, or not in conformity with this ordinance shall be removed."

Under section 3 of the ordinance, the appellant maintains that since the respondents erected the chicken coops and fence without a permit from the City of Three Forks, they exist in violation of law and are to be deemed nuisances *per se*.

Our statute defines a nuisance as "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, * * *" R.C.M. 1947, section 57-101.

Further, "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." R.C.M. 1947, section 57-102.

"A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." R.C.M. 1947, section 57-110.

As was said by this court in Faucett v. Dewey Lumber Co., 82 Mont. 250, 259, 266 Pac. 646, 648, "The foregoing statutes are, in effect, but crystallizations of the common law and are consistent with the general rules which have long been recognized by the courts."

"A nuisance *per se* is generally defined as an act, occupation, or structure, which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Other definitions are: any act or omission or use of property or thing which is of itself hurtful to the health, tranquility, or morals, or which outrages the decency of the community; that which cannot be so conducted or maintained as to be lawfully carried on or permitted to exist; and, as related to private persons an act or use of property of a continuing nature, offensive to and legally in-

444

jurious to health and property or both." 39 Am. Jur., Nuisances, section 11, page 289.

"It has generally been held that the violation of a municipal ordinance does not constitute a nuisance *per se;* nor does it constitute a public nuisance." 66 C.J.S. Nuisances, section 9, b, page 749.

It was incumbent upon the appellant to prove special damage, in other words, damage distinct from that unto the public at large. It is admitted that the keeping of chickens within the City of Three Forks is not prohibited by ordinance.

"A chicken or poultry business is not a nuisance *per se,* but it may become a nuisance *per accidens* * * *" 66 C.J.S. Nuisances, section 75, subd. 5, page 823. See, also, Vaszil v. Molnar, 133 N.J. Eq. 577, 33 A. (2d) 743.

The evidence as to the unsightly condition of the premises or structures would not alone make the condition a public nuisance. People v. Oliver, 86 Cal. App. (2d) 885, 195 Pac. (2d) 926, 928.

"A wooden building or structure is not a nuisance *per se,* and the true rule would seem to be that it does not become a nuisance by reason of an ordinance declaring it such, where it is not in fact one within the meaning of the common law or a statutory definition of a nuisance." Law of Nuisances, Joyce, section 344, page 497.

Thus the keeping of chickens being lawful, while appellant complains of the odors, dust, and increase of insects by reason thereof, her testimony is rebutted by many residents of the city. It is generally conceded by all that the respondents keep their chicken yard clean.

The facts, that the buildings are unsightly, and being wooden buildings are a potential fire hazard in the same manner as other wooden buildings within the city, and that the premises constituted a potential health hazard, appeared to the trial court to fall short of establishing a public nuisance.

As to specifications Nos. 4 and 5, we have considered the testimony given in the case, and while there is conflict in the record

as to whether or not the structures complained of constitute an additional fire hazard to the appellant and the City of Three Forks, and as to whether or not the structures have damaged the appellant or the neighborhood thereabouts as contended by the appellant, under the circumstances we are presented with a conflict in the evidence which conflict was resolved by the court in favor of the respondents.

To sum the matter up, the trial court heard the witnesses upon the stand, observed their demeanor, and at the conclusion of the trial found that the respondents kept their property clean and conducted the chicken raising enterprise in a reasonable and proper manner; that none of the structures or the chickens, nor the manner of use thereof, had damaged the appellant or the neighborhood; that the structures did not constitute a fire hazard, either to the appellant's property, neighborhood property, or the community of Three Forks, and that the appellant had failed to establish the allegations of her complaint as to the existence of a nuisance or as to damages resulting therefrom.

We do not find that the evidence preponderates against such findings.

In such event we are not permitted to disturb the findings of the trial court. Kummrow v. Bank of Fergus County, 66 Mont. 434, 214 Pac. 1098; Nuhn v. Nuhn, 97 Mont. 596, 37 Pac. (2d) 571; Purcell v. Davis, 100 Mont. 480, 50 Pac. (2d) 255.

The judgment is affirmed.

MR. JUSTICES CASTLES, BOTTOMLY and ANGSTMAN, concur.

MR. JUSTICE ADAIR, dissents.