No. 12980

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF THE INTERPRETATION OF
SENATE BILL NO 23, CHAPTER NO 491,
Montana Session Laws of 1973.
BOARD OF COUNTY COMMISSIONERS OF
MISSOULA COUNTY, MONTANA,

Appellant,

-vs-

J. G. "BUD" LAMOREAUX, JOHN V. MOON,
and DENNIS WOOD,

Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
James Walsh, Assistant Attorney General, appeared,
Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula,
Montana
Harold V. Dye argued, Missoula, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
George D. Goodrich argued and Jack L. Green II argued,
Missoula, Montana
Dennis Wood, Fort Leonardwood, Missouri

---

Submitted: September 9, 1975

Decided: OCT _1 1975

Filed: OCT _1 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a declaratory judgment entered in an action brought in the fourth judicial district, Missoula County, Hon. Jack L. Green presiding.

On March 13, 1973, Senate Bill No. 23 was enacted by the Forty-Third Legislative Assembly to be effective July 1, 1973. Section 1 of that bill, which is now section 93-413, R.C.M. 1947, provides:

> "Salaries of justices of the peace. The board of county commissioners shall set salaries for justices of the peace by resolution, provided that:
>
> "(1) if the salary of the justice of the peace was determined on a fee basis for the years 1971 and 1972, he shall receive a monthly salary of not less than one-eighteenth of the total fees, civil and criminal, collected by the justice or his predecessor in office during the two (2) years 1971 and 1972.
>
> "(2) if the salary of the justice of the peace was determined on a nonfee basis for the years 1971 and 1972, the justice shall be paid not less than the highest salary earned by the justice or his predecessor for the years 1971 and 1972."

On July 18, 1973, the Missoula county attorney commenced this action on behalf of the Missoula county commissioners seeking an interpretation of the last clause of subsection (2) of section 93-413 because of a dispute existing between the commissioners and the justices of the peace. The Missoula county justices were paid on a nonfee basis at a rate of $5,500 per annum in 1971 and 1972. They maintained that under section 93-413 they were entitled to a minimum salary equal to the combined 1971 and 1972 rates $11,000. The county commissioners argued that the minimum salary should be the highest of 1971 or 1972 - $5,500. On December 18, 1974, District Judge Jack L. Green determined that the justices of the peace were entitled to the combined 1971 and 1972 rates as their minimum annual salary beginning July 1,

1973. The county commissioners appealed that judgment to this Court.

On review we are presented with the problem of interpreting this clause of section 93-413(2), R.C.M. 1947:

> " * * * the justice shall be paid not less than the <u>highest</u> salary earned by the justice or his <u>predecessor</u> for the years 1971 <u>and</u> 1972."
> (Emphasis added)

Appellants argue that since the adjective "highest" is grammatically incorrect when used with the conjunction "and", this Court should substitute the comparative adjective "higher" and the disjunctive "or" or simply change the "and" to "or" and reverse the district court. They contend this is an example of a typographical error which the Court could easily correct by supplying the better English.

Respondents urge that we take the statute as we find it and apply ordinary rules of grammar to interpret it. They also assert, partly in their brief and partly in oral argument before us, that the combined salary interpretation as found by the district court makes sense in view of the salaries earned by other county officials, the entire scheme of Senate Bill No. 23, and the intent of the 1972 Montana Constitution.

Both parties and the district court recognize that the intention of the legislature controls when a statute is presented to a court for interpretation. This is a fundamental rule of statutory construction. See Section 93-401-16, R.C.M. 1947, and Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660. We again use it today as the basis of our interpretation of section 93-413(2).

We have been faced many times with inartfully drafted and confusing language such as that found in this statute. In such cases rather than attempting to glean meaning from an isolated clause or sentence, we have looked to the purpose of the

whole. See Snidow v. State Board of Equalization, 93 Mont. 19, 17 P.2d 68, 18 P.2d 804; In re Takahashi's Estate, 113 Mont. 490, 129 P.2d 217; Bresnahan v. District Court, 127 Mont. 310, 263 P.2d 968; Home Bldg. & Loan v. Bd. of Equalization, 141 Mont. 113, 375 P.2d 312; Nice v. State, 161 Mont. 448, 507 P.2d 527.

Section 93-413 was but the first section of Senate Bill No. 23 passed by the Forty-Third Legislature. A consideration of the title of the Act is a necessary first step in our search for the purpose and meaning of this statute. It reads:

> "AN ACT PROVIDING FOR THE MINIMUM NUMBER OF JUSTICES OF THE PEACE, THEIR COMPENSATION, QUALIFICATIONS, TERMS OF OFFICE, TRAINING AND DESIGNATION AS COUNTY OFFICERS; PROVIDING FOR THE COLLECTION OF FEES BY JUSTICES AND IMPROVEMENT OF THEIR FACILITIES; ABOLISHING FEES IN CRIMINAL ACTIONS; AND DELETING REFERENCES TO TOWNSHIPS; ALL TO COMPLY WITH ARTICLE VII, SECTIONS 5 AND 7 OF THE 1972 MONTANA CONSTITUTION * * *. (Emphasis supplied)

The Article of the 1972 Montana Constitution which this bill sought to implement had attempted to improve and modernize the justice court system. Section 5 of Art. VII abolished restrictions placed on justice court jurisdiction in civil matters by the 1889 Montana Constitution and provided that justice courts function in dignified surroundings. Section 7 of this Article extended the term of office for justices of the peace to four years. Other aspects of the modernization--qualifications, training, and monthly compensation--were to be made by the Legislature. See Art. VII, Section 5 and 7, 1972 Montana Constitution.

With this background a brief look to the other sections of Senate Bill No. 23 should help us to clarify the first section of that enactment. (section 93-413(2)) Section 2 of the bill provided for the setting of office hours for each justice by the county commissioners commensurate with salary received. They would be made regular county officials.

- 4 -

Section concerned itself with the physical improvement of the justice courts directing that such office, courtroom, clerical assistance and supplies be provided so that the court could function properly in dignified surroundings.

Section 4 modernized the structure of the justice court system by changing the former allocation of two justices per township to at least one per county, by specifying that justices of the peace were to be elected on a nonpartisan judicial ballot similar to the judges of the district court, and by providing for qualifications to be a justice of the peace as well as a training course for elected justices.

The balance of the bill contained numerous "housekeeping" revisions of the Code consistent with the elevation of justice courts to full county office status.

It is less than logical to believe that the Forty-Third Legislature would have upgraded all aspects of the justice court system excepting salary. Indeed the legislature spoke first in the bill to the salary issue. We must assume, based on the Constitution and the other sections of the bill, that the legislature intended to improve salaries also. Application of the ordinary rules of grammar to the statute section in question results in the raising of minimum salaries for nonfee justices of the peace to a decent level comparable to that received by other county elected officials. This interpretation insures the significant improvement of the justice court system as contemplated by the 1972 Montana Constitution and Senate Bill No. 23. Therefore, the judgment of the district court is affirmed.

_Wesley Castles_
Justice

We concur:

_____
Chief Justice

- 5 -

*John Conway Harrison*

*Gene B. Daly*

*Frank I. Haswell*

Justices