No. 81-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

          Plaintiff and Appellant,

     -vs-

CLARK FORK LOGGING COMPANY, INC.,
et al.,

          Defendants and Respondents.

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Sanders, The Honorable
              Jack L. Green, Judge presiding.

Counsel of Record:

     For Appellant:

          Gary L. Spaeth, Helena, Montana (Dept. of
          Natural Resources)

     For Respondents:

          Worden, Thane, Haines, Missoula, Montana
          Garlington, Lohn & Robinson, Missoula, Montana

                              Submitted on Briefs:  April 8, 1982

                                          Decided:  June 24, 1982

Filed: JUN 24 1982

*Thomas J. Kearney*
                              Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

The Department of Natural Resources and Conservation (DNRC) appeals the March 19, 1980, summary judgment order dismissing Count I of its complaint against defendants, Clark Fork Logging Company (Clark Fork) and William Cuddy. We affirm.

Clark Fork entered into a timber sale contract with the United States Forest Service to log an area in Sanders County near Indian Creek. Clark Fork then contracted with Cuddy to log the area. Cuddy subsequently entered into an agreement with Stanton Diehl to provide equipment and operators to perform the logging.

On August 5, 1975, Dale Hotchkiss, an operator provided by Diehl, was starting a chainsaw, also provided by Diehl, when it backfired and ignited a fire. DNRC, performing under a contract with the United States Forest Service, suppressed and extinguished the fire at a cost of $126,721.80.

On July 21, 1977, DNRC filed a complaint against Clark Fork, Cuddy and Diehl, seeking to recover the cost of extinguishing the fire. DNRC subsequently dismissed defendant Diehl. Count I of the complaint sought recovery under absolute liability pursuant to DNRC's interpretation of section 50-63-103, MCA; Count II sought recovery under the common law negligence theory.

Defendant's initial motion for summary judgment on both counts was denied. However, after extensive briefing, the second motion for summary judgment on Count I was granted. Summary judgment on Count II was again denied and a trial ensued. The jury found no negligence on the part of defendants and returned a verdict against DNRC. No appeal is taken of

that determination.

The sole issue presented to us for review is whether the District Court Judge properly granted respondents' motion for summary judgment on the absolute liability portion of DNRC's complaint. We find that he did.

Count I is predicated on section 50-63-103, MCA:

> "Liability of offender for damages and costs. Any person who shall upon any land within this state, whether on his own or on another's land, set or leave any fire that shall spread and damage or destroy property of any kind not his own shall be liable for all damages caused thereby, and any owner of property damaged or destroyed by such fire may maintain a civil suit for the purpose of recovering such damages. Any person who shall upon any land within this state, whether on his own or on another's land, set or leave any fire which threatens to spread and damage or destroy property shall be liable for all costs and expenses incurred by the state of Montana, by any forestry association, or by any person extinguishing or preventing the spread of such fire." (Emphasis added.)

When ascertaining the meaning of a statute, we look to the purpose of the statute, not just to isolated words. In re Senate Bill No. 23 v. Lamoreaux (1975), 168 Mont. 102, 540 P.2d 975. Consideration of the title of the Act through which the statute was introduced is a necessary first step in the search for the purpose and meaning of the statute. In re Senate Bill No. 23 v. Lamoreaux, supra.

Section 50-63-103, MCA, was introduced in 1919 through an Act entitled:

> "An Act Providing a Closed Season for the Burning of Forest Material Without a Permit, Providing Penalties for Setting Fires Contrary to the Provisions of this Act, and Making it the Duty of the County Attorney to Prosecute Offenders, and Providing a Penalty for Failure to Prosecute." Ch. 170, L. 1919.

It is clear from the title of the Act that its purpose is to control the burning of forest material through the issuance of permits. Thus, "setting a fire" in the context of this

-3-

Act and statute refers to an intentional setting of a fire.

At times when the legislature has wished to denote the accidental igniting of a fire, they have used the term "start a fire." See, for example section 76-13-124, MCA:

> "Throwing lighted materials. A person who throws or places any lighted cigarette, cigar, ashes, or other flaming or glowing substance that may start a fire in or near any forest material is guilty of a misdemeanor." (Emphasis added.)

As they are used in section 50-63-103, MCA, the words "set or leave a fire" refer to the deliberate act of burning excess forest material. The statute does not apply to the instant situation. The fire was not deliberately ignited. Rather, it accidently started when a spark from the chain saw ignited a slash pile. Under these facts summary judgment on Count I was proper.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

-4-