No. 81-501

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

TRAVIS BELUE and AARON KEMPH,

Plaintiffs and Appellants,

vs.

THE STATE OF MONTANA,
MUSSELSHELL COUNTY,

Defendants and Respondents.

---

Appeal from: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
Honorable Nat Allen, Judge presiding

Counsel of Record:

For Appellants:

Clarence T, Belue argued, Hardin, Montana

For Respondents:

Ask and Pratt, Roundup, Montana
Thomas Ask argued, Roundup, Montana

---

Submitted: July 8, 1982

Decided: August 16, 1982

Filed: AUG 1 6 1982

Thomas J. Kearney
_____
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

An action was brought by the plaintiffs alleging negligence and maintaining a public or private nuisance. The District Court entered summary judgment for the defendants with respect to such claims and the plaintiffs appeal.

The sole issue before the Court is whether the facts as developed on a motion for summary judgment show that a burning slag pile constituted the foreseeable risk of forest and range fire.

The District Court made its decision to grant summary judgment to defendants on the basis of some ten depositions, affidavits and other documents submitted to it. Those depositions and affidavits establish that Republic Coal Company, a/k/a Klein Coal Mine, is located four miles south of Roundup, Montana, on Section 36, Township 8 North, Range 25 East M.P.M. A coal mine was operated on this property from 1908-1909 until 1956, when it closed. During this period, slag (rocks, coal, and other mine waste products) was piled in certain areas on the section. One of the slag piles in question is approximately 100 feet high, covered with vegetation, and located on a ridge adjacent to Highway 87. On the afternoon of December 4, 1979, during a severe windstorm, a fire started near this slag pile, and spread four and one-half to five miles across defendants' land and onto the plaintiffs' land.

The trial court found that the slag pile started burning prior to 1950. Red embers were then visible to motorists driving along the highway. In later years the embers disappeared, but fumes indicated that the fire may

have moved to deep inside the pile. However, after the coal mine closed the pile was not considered a fire hazard, and no fires were ever reported. When the state built a highway through a portion of the slag in 1961, the fire was apparently dead.

Plaintiffs sued the slag pile owners for failure to construct a fire break or other protection from burning slag. The trial court viewed the premises, considered depositions and affidavits, and granted defendants motions for summary judgment. The court noted that the slag pile had never caused a fire in that area, that flames were never visible on the surface, and that the pile had never been considered a nuisance or hazard. The court then concluded that the defendant's conduct in leaving the slag pile untouched until 1979 was reasonable, prudent, and did not create an unreasonable hazard.

Plaintiffs contend that other conclusions could be reasonably drawn from the same facts: Fire hazards may exist without flames; and the storage of combustible material on ones property can reasonably be expected to start a fire.

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if: ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant must make a showing that excludes any real doubt as to the existence of any genuine issue of material fact. Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613.

This Court in Mang v. Eliasson (1969), 153 Mont. 431, 458 P.2d 777, outlined a landowner's rights and duties, and a theory of negligent use in great detail. In that case a jury found the defendant negligent in the use of his property. This Court overturned the jury verdict and found as a matter of law that the defendant was not negligent. The Mang case, supra, arose in the same district and under the same judge as heard this case and he relied on our opinion in Mang in deciding this issue. The following are quotes from Mang which apply to this case:

"Basically the reasonableness of the use of property by its owner must necessarily be determined from the facts and circumstances of each particular case as it arises by the application of appropriate provision or principles of law and the dictates of mutual and reciprocal justice. Further, before negligence can be predicated on any given act, back of that act must be sought and found a duty to the individual complaining, the observance of which duty would have averted the injury. . .

". . .

"An additional test of actionable negligence is not what might have prevented a particular accident, but what reasonably prudent men would have done in the discharge of their duties under the circumstances as they existed at the time of the accident. Milasevich v. Fox Western Montana Theatre Corp., 118 Mont. 265, 272, 165 P.2d 195 . . .

". . .

"It has been well said that a defendant who could not foresee any danger of direct injury resulting from his conduct or any risk from an intervening force is not negligent. Taylor v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co., 142 Mont. 365, 371, 384 P.2d 759; Lencioni v. Long, 139 Mont. 135, 361 P.2d 455.

". . .

"'In striking this balance--that is, in weighing the likelihood of harm, the seriousness of the injury and the value of

-4-

the interest to be sacrificed--the law judges the actor's conduct in the light of the situation as it would have appeared to the reasonable man in his shoes at the time of the act or omission complained of. Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness * * *'

". . .

"Harper and James, The Law of Torts, supra, at page 1018, state the prevailing view. The obligation of defendants turns on whether:

"'. . . the offending conduct foreseeably involved unreasonably great risk of harm to the interests of someone other than the actor . . . [T]he obligation to refrain from . . . particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks and hazards whose likelihood made the conduct unreasonably dangerous. Duty, in other words, is measured by the scope of the risk which negligent conduct foreseeably entails.' 153 Mont. 437-38, 458 P.2d at 781.

From the principles of law set forth in Mang, supra, we can find no genuine issues of material facts constituting negligence on the part of the defendants and find no error in the trial court's granting summary judgment on the issue of negligence.

In addition, plaintiffs argued that section 50-63-103, MCA, applied to the facts of this case.

This Court, in a recent case, DNRC v. Clark Fork Logging Company (1982), _____ Mont. _____, _____ P.2d _____, 39 St.Rep. 1146, considered the above statute and interpreted the same to apply only to the intentional setting or leaving a fire, the purpose of which is to burn excess forest material. That is clearly not the situation here, and we hold the statute not applicable.

The next issue is whether the slag pile was a public or private nuisance, thereby making the defendants liable.

Section 27-30-101, MCA, defines "nuisance" as: "Anything which is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property . . ."

Here the undisputed facts show that the old slag pile existed for many, many years along Highway 83 in full public view. There is no showing that it had ever previously caused fires in the area and there is no showing that it was considered a hazard to neighboring property owners.

This court held in Faucett v. Dewey Lumber Co. (1928), 82 Mont. 250, 259, 266 P. 646, 648, referring to the statutes covering public and private nuisances, that "[t]he foregoing statutes are, in effect, but crystallizations of the common law and are consistent with the general rules which have long been recognized by the courts."

"'A nuisance per se is generally defined as an act, occupation, or structure, which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Other definitions are: any act or omission or use of property or thing which is of itself hurtful to the health, tranquillity, or morals, or which outrages the decency of the community; that which cannot be so conducted or maintained as to be lawfully carried on or permitted to exist; and, as related to private persons an act or use of property of a continuing nature, offensive to and legally injurious to health and property, or both. '39 Am.Jur., Nuisances, Sec. 11, p. 289." McCollum v. Kolokotrones (1957), 131 Mont. 438, 443-444, 311 P.2d 780, 782-83.

Here, for many years open flames were not visible and any burning in the area occurred beneath the surface. For

-6-

the ten years prior to the 1979 fire, underground burning was less and less obvious to any observer and there have been no complaints to public officials concerning the pile. Therefore, we find no genuine issue of material fact that the slag pile was a public or private nuisance.

Whether there was or was not substantial evidence is a matter of law. In Flansberg v. Montana Power Company (1969), 154 Mont. 53, 460 P.2d 263, this Court, considered the granting of a motion for summary judgment and held:

> "If there is no evidence of any negligent act or omission by the defendant, a nonsuit is properly granted. (Citation omitted.) This rule is equally applicable to a motion for summary judgment under the circumstances disclosed here. 154 Mont. at 60, 460 P.2d at 267.

> "When the record discloses no genuine issue as to any material fact, the burden is on the party opposing the motion for summary judgment to present evidence of material and substantial nature raising a genuine issue of fact (Brown v. Thornton, 150 Mont. 150, 432 P.2d 386) and as in this case, the failure to sustain that burden authorizes the granting of summary judgment. 154 Mont. 58, 460 P.2d at 266.

> "Whether or not there is substantial evidence presented by plaintiff is a question of law for the court and not a question of fact for the jury." 154 Mont. 60, 460 P.2d at 267.

This Court has held in a number of cases that the party seeking summary judgment has the initial burden of showing absence of any issue of material fact remaining, and then the burden passes to the opposition to raise such material issue of fact. See, DeWinter v. Capp Homes, Inc. (1973), 162 Mont. 19, 507 P.2d 1061.

For the reasons stated the decision of the District Court is affirmed.

_John Conway Harrison_
Justice

-7-

We concur:

Gene B. Daly

Daniel J. Shea

John C. Sheehy

Frank B. Morrison Jr.

Justices

Mr. Chief Justice Frank I. Haswell dissenting:

I dissent. In my view a jury question exists regarding whether the damage caused to the plaintiffs' land was foreseeable. Accordingly, there are genuine issues of material fact precluding summary judgment. Rule 56(c), M.R.Civ.P.

The majority relies on Mang v. Eliasson (1969), 153 Mont. 431, 458 P.2d 777, to support the District Court's granting summary judgment to defendants. However, this case is distinguishable on its facts from Mang.

In Mang there was no indication that the defendants' summer-fallowing the ground in mid-September could have caused plaintiffs' damage, absent a strong wind. In this case, Ben Mundie, a geologist employed by the State of Montana, Department of Lands, stated by affidavit that, "an extreme danger of potential fire presently exists and will continue to exist so long as the coal gob pile continues to burn." Mundie also concurred with the briefing papers of the Assistant Director of Abandoned Mine Lands that a "high probability of igniting future range and forest fires" existed and that the "fire is extremely dangerous to travelers using Highway 87, local ranchers, and the surrounding communities."

In my view, the expert opinion evidence of Mundie raised a question of fact to be decided by the jury of whether defendants could have reasonably foreseen plaintiffs' damages from the smoldering gob pile.

I would reverse for a trial on the merits.

_Frank I. Haswell_
———————————————————
Chief Justice

-9-

I concur in the foregoing dissent of Chief Justice Haswell.

_____
Justice