No. 88-582

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

PHIL WHITEHAWK and CONNIE BELLET,

        Plaintiffs and Appellants,

-vs-

STAN CLARK,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Karl Knuchel, Livingston, Montana

    For Respondent:

        J. Robert Planalp, Landoe, Brown, Planalp and Kommers, Bozeman, Montana

_____

Submitted on Briefs: April 27, 1989

Decided: June 29, 1989

Filed:

_____
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs, Phil Whitehawk and Connie Bellet (Whitehawks), appeal from a jury verdict rendered in the Sixth Judicial District, Park County, the Honorable Byron L. Robb presiding, in favor of the defendant, Stan Clark. Plaintiffs initiated the action seeking to recover damages for the destruction of personal property. We reverse and remand for a new trial.

The Whitehawks rented a log cabin and four outbuildings located near Wilsall, Montana, from the defendant Stan Clark. The Whitehawks resided in the cabin and used the outbuildings to store various personal items, including art work, musical instruments, musical recordings and historical documents. Much of the material stored in the outbuildings were used in connection with the Whitehawks' musical performances entitled "Inspirada Americana."

On April 28, 1985, Duane Clark, son of the defendant, began burning ditches on the family ranch southeast of the property rented by the Whitehawks. In the early evening hours, a slight breeze caused the fire to move out of the ditches, burning brush and swamp area to the northeast. Duane tended the fire throughout the day and returned home at 6:00 p.m. for dinner. Later, Duane received a phone call from the Whitehawks expressing concern over the fire. Duane returned to the field and continued to watch the fire until approximately 10:00 p.m.

The testimony at trial conflicted regarding the fire activity during the night and the following morning. Duane testified that when he returned to the field in the late evening, the fire had diminished to only embers and smoke. In addition, Duane stated that he viewed the field the next morning and found the embers and smoke completely extinguished. Thereafter, Duane left the area to continue

2

work with his father in another portion of the ranch several miles away.

On the other hand, the Whitehawks testified that throughout the night, they could see both embers and flames. However, they testified that the following morning, no embers were visible, but a substantial amount of smoke was present. The Whitehawks stated that they remained concerned about the fire, but that a heavy dew, a backburn, a still wind and lack of any embers reassured them that they could leave their residence for a doctor's appointment. Additionally, Mr. Whitehawk testified that he spoke to Duane in the morning and was assured that Duane would continue to watch the area. Duane denied the conversation entirely.

During the afternoon, the fire flared up, sweeping across the marshes and open fields. When the Whitehawks returned home in the afternoon, they found three of the four outbuildings completely destroyed and fire threatening the log cabin. Mrs. Janet Clark, Duane's wife, was on the premises when the Whitehawks returned. Immediately, the Whitehawks began fighting the fire. After 45 minutes, the local volunteer fire department arrived and extinguished the blaze.

The Whitehawks filed suit against Stan Clark, alleging negligence and strict liability. On September 18, 1987, the Whitehawks moved for summary judgment on the issue of liability, arguing that § 50-63-103, MCA, imposed strict liability upon one who intentionally starts a fire which destroys property, and therefore, they were entitled to judgment as a matter of law. The District Court denied the motion without opinion.

On August 29, 1988, the case was tried before a twelve member jury. Upon the completion of testimony, the District Judge met with the attorneys to settle jury instructions and prepare a special verdict form. At this time, the District Court rejected plaintiffs' Proposed Instruction No. 22

3

concerning § 50-63-103, MCA, concluding the statute pertained only to the intentional burning of excess forest material. Thereafter, the jury returned a verdict in favor of the defendant.

The Whitehawks appeal the following issues:

1. Does § 50-63-103, MCA, apply to the instant case?

2. Did the District Court err when it denied plaintiffs' motion for summary judgment?

3. Did the District Court err when it refused to instruct the jury on plaintiffs' Proposed Instruction No. 22 regarding § 50-63-103, MCA?

Section 50-63-103, MCA, states in part:

> Liability of offender for damages and costs. Any person who shall upon <u>any land within the state</u>, whether on his own or on another's land, <u>set or leave any fire</u> that shall spread and damage or destroy property of any kind not his own shall be liable for all damages caused thereby, and any owner of property damaged or destroyed by such fire may maintain a civil suit for the purpose of recovering such damages. Any person who shall upon any land within this state, whether on his own or on another's land, set or leave any fire which threatens to spread and damage or destroy property shall be liable for all costs and expenses incurred by the state of Montana, by any forestry association, or by any person extinguishing or preventing the spread of such fire. (Emphasis added.)

This Court has been called upon to interpret the statute on two occasions. Montana Dept. of Natural Res. and Cons. v. Clark Fork Logging (1982), 198 Mont. 494, 646 P.2d 1207; and Belue v. State (1982), 199 Mont. 451, 649 P.2d 752. Defendant contends that our previous decisions control the outcome of the first issue which questions the applicability of § 50-63-103, MCA. Defendant argues that the statute

4

applies only to the burning of excess forest materials. We find defendant's interpretation unduly restrictive.

In Clark Fork Logging, defendants entered into a timber sale contract with the United States Forest Service to log an area in Sanders County. During operation, an employee started a chain saw which backfired and ignited a forest fire. The Department of Natural Resources and Conservation (DNRC), acting under contract with the United States Forest Service, extinguished the fire at a cost of $126,721.80. Thereafter, the DNRC brought suit to recover the cost under theories of strict liability and negligence. On appeal, we affirmed the lower court's grant of summary judgment against DNRC's strict liability count, holding:

> As they are used in section 50-63-103, MCA, the words "set or leave a fire" refer to the deliberate act of burning excess forest material. The statute does not apply to the instant situation. The fire was not deliberately ignited. Rather, it accidentally started when a spark from the chain saw ignited a slash pile. Under these facts summary judgment on Count I was proper. (Emphasis added.)

Clark Fork Logging, 646 P.2d at 1209.

Subsequently, this Court issued its decision in Belue. During a severe windstorm, a fire ignited near a slag pile. The fire spread four and one half miles across defendant's land to plaintiffs' property. Relying upon Clark Fork Logging, we concluded the facts did not support the applicability of § 50-63-103, MCA. Belue, 649 P.2d at 754. Our decisions emphasized that the statute applied to the intentional setting of a fire.

None of the factual circumstances which limited the statute's applicability in Clark Fork Logging, or Belue, are present here. Our review of the statute failed to disclose limiting factors which would render the provision inapplicable to private landowners, or language which

5

indicates an application exclusively to the burning of forest materials. Therefore, we conclude § 50-63-103, MCA, may be applicable to the instant case.

Next, the Whitehawks contend the District Court should have granted their motion for summary judgment on the liability issue, leaving damages as the sole issue to be decided at trial. We disagree.

The standard the appellate court applies when reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the trial court initially; summary judgment is proper when it appears there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P.; Reagan v. Union Oil Co. of California (1984), 208 Mont. 1, 675 P.2d 953. If there is any doubt as to the propriety of the motion, it should be denied. Dare v. Montana Petroleum Marketing Co. (1984), 212 Mont. 274, 687 P.2d 1015.

The violation of a statute intended to protect the plaintiff from the injury incurred is generally held to be negligence per se. Taylor, Thon, Thompson & Peterson v. Cannaday (Mont. 1988), 749 P.2d 63, 45 St.Rep. 102; Nehring v. LaCounte (1986), 219 Mont. 462, 712 P.2d 1329. The defendant's conduct must still be the proximate cause of the harm to the plaintiffs, and there remains the possibility of defenses, such as contributory negligence. Restatement (Second) of Torts § 288B (1974); Martel v. Montana Power Co. (Mont. 1988), 752 P.2d 140, 45 St.Rep. 460. Because these are issues of fact, summary judgment was inappropriate. The District Court's denial of the Whitehawks' motion for summary judgment was therefore proper.

Finally, we address the third issue on appeal. The Whitehawks contend the District Court improperly refused to grant their Proposed Instruction No. 22 which set forth verbatim the first sentence of § 50-63-103, MCA. At trial, defendant objected to the instruction and argued the

6

Whitehawks abandoned the violation of statute claim because they by failed to include it within the pretrial order. The District Court denied the instruction and stated that the statute pertained only to the burning of excess forest material.

The purpose of the pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on the basis of the pretrial order. Workman v. McIntryre (1980), 190 Mont. 5, 617 P.2d 1281. This Court has held that the party may not raise an issue on appeal which deviated from those stated in the pretrial order. Morse v. Cremer (1982), 200 Mont. 71, 647 P.2d 358. Under these two premises, it appears reasonable for defendant to have assumed that the issue of liability under the statute would not arise at trial.

However, other factors weigh against defendant's waiver contention. First, the Whitehawks properly preserved the issue for appeal as applied to jury instructions. Rule 51, M.R.Civ.P., provides in part that "[n]o party may assign as error the failure to instruct on any point of law unless he offers an instruction thereon." When the Whitehawks presented an instruction which stated verbatim the language of § 50-63-103, MCA, the District Court denied the instruction as inapplicable to the case.

In addition, the statute was the subject of a motion for summary judgment. Notwithstanding certification, an order denying summary judgment is interlocutory. Rule 1, M.R.Civ.P. Thus, the applicability of § 50-63-103, MCA, has not been waived insofar as it was presented to the District Court in the Whitehawks' motion. We therefore are persuaded that the Whitehawks' issue of the failure to instruct is proper for appeal.

We have held that the refusal to instruct a jury on an important part of a party's theory of the case is reversible error. Smith v. Rovick (Mont. 1988), 751 P.2d 1053, 45

7

St.Rep. 451; Northwestern Union Trust Co. v. Worm (1983), 204 Mont. 184, 663 P.2d 325. While other instructions addressed the elements necessary to establish negligence, none of the given instructions informed the jury of the effect of a violation of statute. This was an essential part of the Whitehawks' case and therefore they were entitled to have Proposed Instruction No. 22 submitted to the jury.

Reversed and remanded for new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices