**Faith SPATH, as personal representative of the Estate Robert W. Spath, deceased, Faith Spath, individually, James Spath, individually, and Audrey Spath, individually, Plaintiffs,**

v.

**DILLON ENTERPRISES, INC., a Montana Corporation d/b/a Adventures Big–Sky, and John Does I–X Defendants.**

No. CV 97–91–BU–DWM.

United States District Court,
D. Montana.

April 8, 1999.

Inc., a Montana Corporation dba Adventures Big Sky, defendant.

## ORDER

MOLLOY, District Judge.

Before me are the parties' cross motions for summary judgment and the Spaths' motion to amend the complaint. After consideration of the oral and written arguments, I am convinced that Montana would not adopt the doctrine of "contractual assumption of risk." Likewise, I am convinced that Dillon Enterprises, Adventures Big–Sky is not a common carrier. The complaint in this case can be amended to add emotional distress claims. My reasoning is set forth below.

## I. Background

Robert, Faith and James Spath participated in a white water rafting trip on the Gallatin River that was organized and run by defendant Dillon Enterprises d/b/a "ABS" (ABS). On the trip, Robert Spath drowned. Prior to embarking on the rafting trip, the Spaths each signed a "participant agreement." The agreement purports to release ABS for any claims alleging negligence on the part of ABS.

ABS moves for summary judgment on three issues. First, ABS argues that the plaintiffs named in their individual capacity should be dismissed on the ground that only the personal representative of the estate may bring an action for wrongful death and survivorship under Montana law.

ABS' second argument is that it is not a common carrier, and the plaintiffs' third claim for relief should be dismissed because as a matter of law, ABS is a private carrier.

Finally, ABS argues that Robert Spath expressly assumed the risk of death by signing the participant agreement prior to participating in the trip, and that contractual agreement bars the Spaths' claim for relief against ABS.

Robert W. Horn, Robert W. Horn, PC, Jackson Hole, WY, Jill D. LaRance, La Rance Law Firm, Billings, MT, R. Terrance Duddy, Kelly, Remmel & Zimmerman, Portland, ME, for Robert W. Spath, Faith Spath, James Spath, plaintiffs.

John R. Gordon, Reep, Spoon & Gordon, PC, Missoula, MT, for Dillon Enterprises,

The Spaths concede that Aubrey Spath does not have an actionable claim, and agree that she should be dismissed as a plaintiff in this action. James and Faith Spath have moved to file an amended complaint that alleges claims of emotional distress. If that motion is granted, James and Faith Spath are properly named as individual plaintiffs.

The Spaths move for summary judgment on ABS' first and second affirmative defenses and the counterclaim,[1] arguing that the participant agreement is unenforceable in Montana.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has made this showing, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

## III. Discussion

### A. The "Participant Agreement"

The relevant provision of the participant agreement that each of the Spaths signed reads:

Paragraph Two: I hereby voluntarily release, forever discharge, and agree to indemnify and hold harmless [ABS] from any and all claims .... **including any such Claims which allege negligent act**

1. ABS' first affirmative defense asserts that the plaintiffs are barred by release, discharge and waiver from bringing these claims. ABS' second affirmative defense asserts that the plaintiffs are estopped from denying that the agreement released and discharged ABS from any claim against it. ABS' counterclaim al-

**or omission of service** (emphasis in original).

Montana law prohibits contracts that seek to exonerate liability arising out of actions that are in violation of the law, whether willful or negligent. MCA § 28–2–702.

ABS attempts to characterize Paragraph Two as a "hold harmless" and indemnity agreement, limited and defined by express assumption of the risk. As such, the agreement does not violate MCA § 28–2–702. ABS' argument is premised on authority from other jurisdictions that indicates that exculpatory contractual phrases may be valid. The Spaths counter that argument by pointing to the Montana Supreme Court's holding in *Miller v. Fallon County,* 721 P.2d 342 (Mont.1986). The Spaths' argument is more persuasive.

ABS relies heavily on case law from California for its argument that specific release agreements that do not implicate the public interest should be enforced. Those cases are distinguishable from the case before this court. *Madison v. The Superior Court of State of Cal. for County of Los Angeles,* 203 Cal.App.3d 589, 250 Cal.Rptr. 299 (1988) involved an exculpatory contractual agreement similar to the one here. The California Court of Appeals held that the exculpatory contract that the plaintiff signed releasing the defendants from all liability was enforceable and completely barred the plaintiff's wrongful death action. Montana law invalidates contracts that seek to exculpate liability for negligence. The reliance of ABS on *Buchan v. United States Cycling Federation,* 227 Cal.App.3d 134, 277 Cal.Rptr. 887 (1991) is similarly misplaced. In *Buchan,* the California Court of Appeals held that a release agreement was enforceable, because under California law release agree-

leges that the participant agreement bars any claims by the plaintiffs arising out of the whitewater trip, and that the estate of Robert Spath is obligated to pay costs of injury to Robert Spath and to indemnify ABS for all attorney fees required to enforce the participant agreement.

ments are valid where the public interest is not implicated. *Buchan* applied California law, and is not persuasive authority in this case.

Unlike the case law cited by ABS, Montana law prohibits exculpatory phrases contained in contracts. There is no argument that Montana law applies here. The holding in *Miller v. Fallon County,* 222 Mont. 214, 721 P.2d 342 (1986) controls the disposition of this issue. In *Miller* the Montana Supreme Court held that any waiver by which an entity (principal or agent) seeks to contractually exculpate itself from liability arising out of negligent violations of legal duties, whether those duties are rooted in case law or statutes, is invalid. *Miller,* at 346. The court applied this holding to both public and private contracts. "[E]ven a waiver which constitutes a private contract between private individuals is invalid and in violation of public policy if it seeks to exempt one from liability for those actions specified in the statute." *Id.* at 347. The law of Montana expressly prohibits exculpatory contracts, whether or not the activity at issue implicates the public interest. ABS' argument that the holding of California courts should be followed here is not persuasive.

The conclusion reached in *Miller* is appropriately applied to the facts of this case. "If liability is found based upon a willful or negligent violation of law, the waiver as it pertains to [the plaintiffs] violates § 28–2–702, MCA, and may not be relied on by any of the [defendants]." *Miller,* 721 P.2d at 347.

ABS' motion for summary judgment on Robert Spath's express and contractual assumption of the risk is denied. Paragraph Two of the participant agreement does not exempt ABS from liability as a matter of law in Montana. The participant agreement does not exculpate ABS from any liability the Spaths are able to prove at trial.

The Spaths' cross motion for summary judgment on the non-enforceability of the participant agreement is granted, and ABS' First and Second affirmative defenses and the counterclaim are stricken.

## B. Common carrier status of ABS

The Spaths allege that ABS is a common carrier and should be held to the highest degree of care for its passengers. The Spaths base this argument on the fact that ABS is a regulated business that operates pursuant to a permit issued by the United States Department of Agriculture Forest Service.

ABS argues that it cannot be deemed to be a common carrier because the business of transporting people in rafts is limited and occurs during a specific, seasonal period of time. Further ABS is not bound to carry any person for any reason unless ABS enters into a contract to do so. ABS is also not subject to regulation as a common carrier. Therefore, it cannot be a common carrier for purposes of this litigation.

Montana has not specifically addressed the issue of whether or not a rafting company is a common carrier. Although the Forest Service issued a permit to ABS to operate and had some control in that regard over ABS' business, this cannot be interpreted as subjecting ABS to regulation by a state or federal agency such that common carrier status should be imposed on ABS. The words "common carrier" have been given a specific meaning by the Montana Supreme Court. A common carrier is a carrier who holds itself out to "take goods, chattels or persons for hire for all persons indiscriminately," as distinguished from a carrier "who agrees by special agreement or contract to transport persons or property from one place to another." *In re Transportation of School Children,* 117 Mont. 618, 161 P.2d 901, 903 (1945). By this definition, ABS is a private carrier. ABS contracts to transport individuals on white water rafting trips, which is a special agreement that does not impose common carrier status on ABS. *See*

*also, Grouse Mountain Associates v. Montana Dept. of Public Service Regulation,* 284 Mont. 65, 943 P.2d 971 (1997) (resort providing incidental transportation services to guests is exempt from regulation as common carrier under primary business test). ABS is not a common carrier and is not held to the standard of care imposed on common carriers in Montana.

ABS' motion for summary judgment as to the Spaths' third claim for relief is granted. ABS is a not a common carrier and the third claim for relief contained in Spaths' complaint based on ABS' status as a common carrier is dismissed with prejudice as to this case.

### C. Motion To Amend The Complaint

The Spaths have moved to amend the complaint pursuant to Fed.R.Civ.Pro. 15; to add claims for emotional distress. The defendant opposes the motion to amend the complaint. The Spaths also agree to drop Aubrey Spath from the complaint as she does not have an individual claim for relief.

Rule 15(a) directs that leave to amend a pleading shall be granted when justice so requires. The Spaths' request is made in good faith. ABS will not be prejudiced by the amendment of the complaint. Therefore the motion to file an amended complaint is granted. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir.1987). ABS may depose Faith and James Spath with regard to any new issues that are raised in the amended complaint.

### IV. Conclusion

ABS' motion for summary judgment (docket # 33) as to Robert Spath's express contractual assumption of the risk of his death by execution of the Participant Agreement is **denied.**

ABS' motion for summary judgment (docket # 33) as to ABS' status as a common carrier is **granted.** The plaintiff's third claim for relief based on ABS' status

as a common carrier is dismissed with prejudice as to this case.

ABS' motion for summary judgment (docket # 33) requesting that the claims of the individual plaintiffs be dismissed is **denied.**

The Spaths' motion to amend the complaint (docket # 46) is **granted.** ABS shall have twenty (20) days from the date of this order to file an answer to the amended complaint if so necessary.

The Spaths' motion for summary judgment (docket # 28) as to ABS' first and second affirmative defenses, and for dismissal of ABS' counterclaim, is **granted.** The First and Second Affirmative defenses are stricken from this case.