PETE THOMPSON AND ISABELLE PARKER, PLAINTIFFS AND RESPONDENTS, v. RALPH E. LLEWELLYN, DEFENDANT AND APPELLANT.

No. 9909.

Submitted November 3, 1959. Decided November 23, 1959.

346 Pac. (2d) 561.

168

See **C. J. S.** Motor Vehicles, § 767.

Jones, Olsen & Dowlin, Billings, for appellant. Winn E. Dowlin, Billings, argued orally.

W. D. Hirst, E. W. Cosgrove, Great Falls, for respondent. No oral argument for respondent.

MR. JUSTICE CASTLES:

This is an appeal from a judgment on a jury verdict rendered in favor of the plaintiffs. The plaintiffs, respondents herein, were engaged as a partnership in the business of hauling petroleum products.

On September 1, 1952, in the course of conducting their business, plaintiffs leased a 1936 Beall Highway tank trailer to defendant and appellant, hereinafter referred to as defendant.

Sometime after September 1, 1952, this trailer was involved in an accident. The testimony of plaintiffs' witnesses indicates that it was brought into the Highway Service Repair Shop west of Billings on September 3, 1952. Plaintiff Thompson did not see the trailer in its damaged condition and knew nothing of the facts surrounding the accident. Frank Parker saw the trailer in its damaged condition, but also knew nothing of the accident. The third, and last of plaintiffs' witnesses, James Beeghly, repaired the trailer and it was he who testified to the date on which the trailer was brought to the Highway Service Repair Shop. Apparently the trailer was hauled from one and one-half miles east of Mosby, Montana, where the accident presumably

occurred. After the conclusion of the testimony by their three witnesses the plaintiffs rested their case.

The defendant did not introduce any testimony and the court then gave the only instruction offered by the plaintiffs directing the jury to find for the plaintiffs.

On appeal, plaintiffs and respondents failed to file a brief or make any oral argument.

Plaintiffs' complaint alleged in two counts, the allegation of negligence being identical in each count, that the defendant "so negligently, carelessly and wrongfully drove and operated said trailer that the same left the highway, was driven and operated into a barrow pit at the side of the highway, and allowed by defendant to overturn."

The answer of defendant was a general denial. We will assume for the purpose of this opinion that this allegation of negligence is sufficient. Under a general denial, there is an utter failure on the part of the plaintiffs to prove an accident, much less negligence on the part of the defendant.

Defendant specifies as error, among others, that the court erred in not granting a nonsuit on motion of the appellant upon the ground and for the reason that there was a complete failure of proof by the respondents in proving any negligence of the appellant proximately causing the damage as alleged.

This case can be summarily resolved on the basis of plaintiffs' failure to prove their cause of action.

It is elementary that to sustain a cause of action of this nature, the plaintiff must prove both negligence and proximate cause. Whitney v. Northwest Greyhound Lines, Inc., 125 Mont. 528, 542, 242 Pac. (2d) 257, 264, and cases cited therein.

In the instant case, plaintiffs completely failed to prove either of these essential elements. From the evidence introduced in the trial court, the only proof is that the trailer was leased to the defendant and sometime later was brought to the Highway Service Repair Shop in a damaged condition.

As this court has stated many times in the past, "An inference of negligence cannot be drawn from the bare fact

170

that an injury occurs." Mellon v. Kelly, 99 Mont. 10, 20, 41 Pac. (2d) 49, 52.

Negligence may be established by circumstantial evidence if ▮ such evidence is more consistent with plaintiff's view than with any other. Harrington v. H. D. Lee Mercantile Co., 97 Mont. 40, 62, 33 Pac. (2d) 553, 559.

In proving a cause of action by circumstantial evidence ▮ [5] ever, the circumstances must tend to prove negligence, that such negligence proximately caused the injury and also they must "tend to exclude any other reasonable conclusion." Mellon v. Kelly, supra.

In the case now before us, there is not even circumstantial evidence which would tend to establish these factors.

The plaintiffs have proved only that their trailer was damaged. The jury knew nothing of the accident or the events preceding it, and therefore could not possibly determine either directly or inferentially, whether the defendant was negligent and whether it was his negligence that proximately caused the accident, or even that he was operating the trailer at the time. In short, plaintiffs failed to establish a *prima facie* case entitling them to go to the jury.

It is a settled rule in this state that "whenever there is no ▮ [6] dence in support of plaintiff's case, or the evidence is so unsubstantial that the court would feel compelled to set aside a verdict, if one should be rendered for the plaintiff, a nonsuit should be granted." Miller Insurance Agency v. Home Fire & Marine Ins. Co., 100 Mont. 551, 562, 51 Pac. (2d) 628, 630, and cases cited therein.

Here the evidence was such that a recovery could not be sustained under any reasonable view and therefore the court should have taken the case from the jury. Burns v. Fisher, 132 Mont. 26, 30, 313 Pac. (2d) 1044, 1046, 67 A.L.R. (2d) 1.

Counsel for the defendant made a timely motion for nonsuit on the basis of plaintiffs' failure to sustain the burden of proof. The court below erred in overruling this motion.

The judgment is reversed and the cause remanded to the dis-

trict court of Garfield County with instructions to enter judgment for the defendant.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and BOTTOMLY concur.

MR. JUSTICE ANGSTMAN, (concurring in part and dissenting in part):

I concur in the conclusion that plaintiffs failed to make out a case for the jury and that defendant's motion for nonsuit should have been sustained.

I think, however, the cause should be remanded for a new trial. There is a difference of opinion among the courts on this point. See 5B C.J.S. Appeal and Error, sec. 1941, p. 487, et seq., notes 2 and 3.

This court had that question before it in Gailbreath v. Armstrong, 118 Mont. 299, 167 Pac. (2d) 337, 339. In that case, plaintiff recovered verdict and judgment and there was failure to prove a certain issue vital to his right of recovery. This court, in disposing of the appeal, said:

"Therefore, while the judgment must be reversed and the cause remanded, the appropriate disposition of the cause will not be entry of judgment for defendant and interveners, but a retrial."

I believe we should order a retrial of this cause.