JOHN FLANSBERG, JR., Plaintiff and Appellant, *v.* THE MONTANA POWER COMPANY, a corporation, Defendant and Respondent.

No. 11614.
Decided October 27, 1969.
460 P.2d 263.

54

Hoyt & Bottomly, Great Falls, R. V. Bottomly (argued), Great Falls, for appellant.

Garlington, Lohn & Robinson, Missoula, Robert H. Robinson (argued), Missoula for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from a summary judgment for defendant entered by the district court of Missoula county, the Honorable E. Gardner Brownlee, district judge, presiding.

The damage action forming the basis of this appeal was instituted in March 1967 in the district court. Plaintiff sought recovery therein for personal injuries allegedly caused by defendant's negligent acts and omissions occurring in June 1964.

The basic facts and chronology of events involved here indicate that in June 1964, defendant Montana Power Company, through subcontractors Billingsley Construction Company, Missoula, and Mountain States Maintenance Co., Billings, was engaged in enlarging its East Missoula water system. In preparing a site for a water tank on a mountainside near East Missoula, defendant was to provide an access road while the subcontractors were to be responsible for the actual construction of the tank.

Prior to the tank construction, a base of sand permeated with oil was to be laid at the construction site. The sand was delivered to the site in two trucks of M & S Ready Mix Co. of Missoula. One of these trucks was driven by plaintiff John Flansberg, Jr., an employee of M & S. The record is not clear as to who had the responsibility for preparing this base, or who placed the order for the sand from M & S. However, on the day in question, June 12, 1964, the sand was delivered to the construction site.

Two trucks were used to deliver a total of three loads of sand, with plaintiff hauling only one load. The record indicates that the hour was after 6:00 p.m. on Friday; that neither truck was able to negotiate the access road under its own power; that an employee of defendant, a heavy equipment operator, was called from his home where he was eating supper to the scene to aid in pulling the trucks with a small "cat"; that eventually all three loads of sand were delivered to the construction site; and, that the subcontractors were anxious to have the sand at the site so they could continue working through the weekend.

Plaintiff's testimony indicates that on his first try up the hill, his truck did not have enough power to make it so he backed it down to the highway level. On the second try, the "cat" and truck were hooked together by a small chain which immediately broke. Subsequently a 5/8" cable was used and after some difficulty plaintiff's truck reached the construction site and he delivered the sand. It was during this final attempt that plaintiff alleges he was injured through the negligent acts and ommissions of defendant and its employees.

As the "cat" and truck moved up the hill, plaintiff attempted to keep the cable taut to obtain maximum pulling power from the two units. In an effort to watch the cable, plaintiff testified by deposition that he leaned out of his truck door while trying to operate the truck in low gear. A short distance up the hill the truck began to move slightly faster than

the "cat" causing slack in the cable. This difference in speed was explained by the difference in gear ratios between the two units. However, plaintiff alleges it was caused by the inability of the "cat" to move fast enough to do a proper job and the failure of defendant's employee to properly use the equipment.

At about the same time several things happened: (1) the truck driven by plaintiff powered out and the motor died; (2) plaintiff applied his brakes to prevent the truck from rolling down the mountain; (3) the "cat" picked up the slack in the cable, still moving forward at a very slow speed; (4) the cable slipped when three "U" clamps gave way without breaking the cable and the truck began to roll slightly backwards; (5) plaintiff let out the clutch on his truck knowing the truck was in low gear and wanting that assistance in braking the truck's movement, and (6) both units came to an abrupt halt.

The above conditions combined almost simultaneously, allegedly resulting in plaintiff being thrown against the door post of the truck hitting his head and back with great force. Little comment was made of the incident by plaintiff at the time and after minor repairs to the cable, the ascent to the construction site was successfully completed. Thereafter plaintiff left the site and returned to Missoula with his truck.

Neither defendant nor its employees herein involved were aware of plaintiff's alleged injuries until the time this action was filed. Plaintiff alleges negligence on the part of defendant in the following particulars: (1) failure to provide a proper or adequate access road to be used by plaintiff in delivering the sand for the benefit of defendant; (2) failure to provide a safe place for plaintiff to work; (3) failure to provide proper equipment to tow plaintiff's truck or to warn plaintiff of this situation; (4) improperly towing plaintiff's truck, and (5) having undertaken to tow plaintiff's truck, defendant did not use the equipment and appliances properly.

Defendant answered denying knowledge of the alleged incident; denying negligence on the part of any agent or employee of defendant; and alleging that if there was any negligence on the part of defendant, the plaintiff was guilty of contributory negligence in the operation of his truck proximately causing any injuries he may have suffered.

In preparation for trial of this action many depositions were taken. Upon these depositions, the pleadings, and the admissions contained in answers to interrogatories, defendant moved for summary judgment contending that in the first instance there was no genuine issue of material fact on which any negligence on the part of defendant could be based; that if there was any negligence involved in the incident it was the negligence of the plaintiff that was the proximate cause of his injuries as a matter of law, or in the alternative, that if negligence was attributable to the heavy equipment operator who was defendant's regular employee, it was not chargeable to defendant as such employee was a "loaned servant".

The district court granted defendant's motion for summary judgment holding, inter alia, that:

"[T]he reason for the alleged injury was not that the cable parted, but that plaintiff did not properly handle his truck and allowed it to proceed up the hill on its own power with the cable slack and that when the plaintiff killed the engine he permitted the truck to roll back causing a jerk when it reached the end of the cable. * * * [A] proximate cause of any injury suffered by the plaintiff was his own negligence.

"The allegations of inadequate road and inadequate equipment furnished by the defendant does not support a finding of negligence on the part of the defendant or its agents or employees. * * * [I]f any negligence does exist on defendant's part * * * it surely is not the sole proximate cause of the injury, the main proximate cause of the injury [being] the negligent way the plaintiff handled his truck.

\* \* \* [A]ny risk involved in taking the truck up the hill was assumed by the plaintiff.

"The record discloses that the plaintiff made one successful trip up the road and his partner in another truck made two successful trips up the road and that the three loads of sand ordered were all delivered by proper use of the equipment provided and the road."

Plaintiff raisese numerous contentions on this appeal but basically they resolve themselves into a single ultimate legal issue—was the granting of summary judgment for defendant correct? We hold that it was.

■ When the record discloses no genuine issue as to any material fact, the burden is on the party opposing the motion for summary judgment to present evidence of a material and substantial nature raising a genuine issue of fact (Brown v. Thornton, 150 Mont. 150, 155, 432 P.2d 386) and as in this case, the failure to sustain that burden authorizes the granting of a summary judgment. Cf. Rule 56(c), M.R.Civ.P. and Hager v. Tandy, 146 Mont. 531, 410 P.2d 447.

As the summary judgment of the district court was not based on application of the "loaned servant" doctrine, we find it unnecessary to discuss that doctrine in this opinion.

■ The facts appearing in the record reveal a total absence of negligence on the part of defendant or its employees. This alone is sufficient to authorize summary judgment for defendant. Additionally, the record affirmatively reveals that nothing defendant did or failed to do was the proximate cause of plaintiff's alleged injuries, but rather that the cause of such injuries was the plaintiff's own negligence in driving his truck up the hill under the existing circumstances.

■ ■ The mere happening of an accident is ordinarily no evidence of negligence (Stocking v. Johnson Flying Service, 143 Mont. 61, 387 P.2d 312) and plaintiff must produce evidence from which it may reasonably be inferred that negligent conduct on the part of defendant, its agents or employees

in the course and scope of their employment, was the proximate cause of the plaintiff's injuries. Bostwick v. Butte Motor Co., 145 Mont. 570, 588, 403 P.2d 614. This the plaintiff has totally failed to do.

Plaintiff in his deposition testified as to how the accident happened, as follows:

"Q. What did you do? A. I waited for the cat to hook up to me and then we went back and started up, and I powered out and the choker, the cable slipped through the clamps and started down the hill, back down. I didn't have enough brakes to hold and I let the clutch out because I still had it in first gear, and it threw me up against the door post. * * *

"Q. And what effect did this have when you let out the clutch * * *? A. I was leaning out the door to watch the cable because it was so short that to sit in the truck and watch it, I couldn't watch it. I had to watch the cable to keep tension between the two of us because the cat didn't have enough power to pull me and I didn't have enough power to pull up myself, so between the two of us we would do it, and that is how it happened."

Upon any view of the above testimony, it is apparent that the acts of plaintiff in handling his truck were the proximate cause of any injuries suffered by him. Both plaintiff's truck and the truck of his partner ultimately successfully negotiated the hill with the aid of defendant's equipment. Plaintiff has simply failed to present facts of a material and substantial nature indicating that any act or omission of defendant, its agents or employees, was negligent. Rather by the plaintiff's own testimony it was his own acts, his own manner of handling his truck, his positioning of himself leaning from the truck, and basically his own lack of judgment under the circumstances which proximately caused the injuries of which he complains.

To sustain a claim for relief based on alleged negligence, the plaintiff must prove both negligence and proximate

cause. Jackson v. William Dingwall Co., 145 Mont. 127, 134, 399 P.2d 236; Thompson v. Llewellyn, 136 Mont. 167, 346 P.2d 561. Further, negligence imports such a want of attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns. Section 19-103 (16), R.C.M.1947. Here the plaintiff, having presented his evidence on the issue of negligence, has failed to produce any substantial evidence to support his claim. Whether or not there is substantial evidence presented by plaintiff is a question of law for the court and not a question of fact for the jury. Stocking v. Johnson Flying Service, supra.

If there is no evidence of any negligent act or omission by defendant, a nonsuit is properly granted. Jackson v. William Dingwall Co., supra. This rule is equally applicable to a motion for summary judgment under the circumstances disclosed here.

In light of all known facts and the testimony of all witnesses present at the time of the alleged incident, and in view of our holding that negligence, if it be present in this case, was that of plaintiff in operating his truck not that of the heavy equipment operator in assisting him in his ascent up the hill, the district court was correct in granting summary judgment to defendant.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES CASTLES and John C. HARRISON and the HONORABLE THOMAS DIGNAN, District Judge sitting for MR. JUSTICE BONNER, concur.