No. 14606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

DONALD L. SCOTT,

Plaintiff and Appellant,

-vs-

GARY ROBSON,

Defendant and Respondent.

---

Appeal from: District Court of the Fourteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Allen L. McAlear argued, Bozeman, Montana

For Respondent:

Crowley, Haughey, Hanson, Toole and Dietrich, Billings,
Montana
L. Randall Bishop argued, Billings, Montana

---

Submitted: May 4, 1979

Decided: JUL 16 1979

Filed: JUL 16 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment in the District Court of the Fourteenth Judicial District, in and for the County of Musselshell. The case involves an action to recover for personal injury resulting from some logs falling on a workman. Following the taking of plaintiff's deposition, defendant moved for a summary judgment, which motion was eventually granted. Plaintiff moved to set aside, vacate or modify the summary judgment, which was denied, and plaintiff appeals.

Plaintiff Scott was injured while working with defendant Gary Robson and William Yount, Jr., on a logging operation. The men were logging a specified portion of timber growing on the defendant's ranch. Plaintiff and Yount had been hired by Robson. Scott was to fall the trees, cut the limbs from them, and saw them into lengths capable of being hauled to an area sawmill. Yount's job was to stack the logs hauled by Scott into decks into which they were to be loads. The loading and the hauling was done exclusively by defendant Robson.

Deposition testimony established that plaintiff Scott's principal occupation for some 20 years had been that of a timber sawyer. In the late fall of 1976 he approached defendant Robson seeking work because the local logging businesses had been closed due to inclement winter weather. Prior to that time he had been working at a sawmill operated by Mr. Yount, Sr. The deposition testimony indicated that Scott would use his own judgment in determining the merchantable logs and the manner in which they would be cut, would use his own saw and other equipment, and would purchase the

gasoline and oil for the saw. It was further agreed that Scott would be paid strictly on a percentage of the logs cut, receiving $10 per thousand board feet. In addition Yount was to receive $10 per thousand board feet for the work he did in skidding and stacking the logs. The deposition further indicates that there was no withholding of any social security payments or federal income tax in the checks received by Scott. Scott determined his own working hours. The deposition indicated that Robson described the area to be logged, leaving the process of logs and the control of his movements exclusively to Scott. Scott indicated that at the time of the agreement his relationship with Robson was as "contractors".

On March 15, 1977, Yount and Scott were nearby as Robson loaded the final truck of a day's work. Scott had seen a number of loads of logs go out and testified that he noticed nothing unusual about this particular load. He further testified that he knew two or three logs had rolled off during the loading process, but did not feel this added to the possible danger of the logs rolling off after they had been reloaded and had settled some five or more minutes. According to Scott every indication was that the load was a good, tight load of logs, no different from any others which Robson had prepared, and specifically that there were no crooked logs or anything that would have caused the load to have been unstable. He further testified that in his expert opinion these logs were loaded in a customary manner of the logging industry.

Following the loading the truck and the logs sat motionless for at least five minutes while Robson parked his tractor and prepared to bind the load with chains used for

that purpose. After parking and getting off the tractor, Robson took the chains over to the load and threw one of the chains over the top. Scott stepped out of his pickup, and without being asked to do so, walked over to hook the chain on the side of the trailer opposite Robson. As he bent to hook the chain, some of the top logs rolled off the truck. Yount, who was nearby, yelled a warning but Scott was unable to react in time and was hit by the falling logs and injured.

Following the entry of summary judgment, plaintiff sought to depose an additional witness. Defendant filed a motion to quash the taking of the deposition, which was denied, and the deposition was taken to perpetuate testimony under Rule 27(b), M.R.Civ.P. In addition, plaintiff filed a letter from H. B. Stevens, Supervisor of the Underwriting Division, State Compensation Insurance Fund, Division of Workers' Compensation, which was dated August 24, 1978, concerning the regulations of the Department on the stacking of logs.

While plaintiff-appellant sets forth five issues for consideration by this Court, we find that the issues can be properly restated in the following manner:

1. Whether appellant's opening brief relies, in part, upon materials not properly included in the record which should be disregarded in deciding this appeal.

2. Whether the District Court properly granted summary judgment for respondent where appellant's testimony established that respondent did not breach any duty owed appellant.

3. Whether the appellant was, as he believes, an independent contractor while working for respondent.

-4-

The first issue concerns the materials inserted into the record by appellant after summary judgment. The order granting summary judgment on the merits was entered on August 11, 1978. Judgment for respondent was entered upon the official docket August 16, 1978. On the same day, appellant's counsel prepared a notice for the taking of the deposition of William Yount, Jr., of Roundup, Montana. This notice was received by respondent's counsel on August 17, and upon receiving this notice respondent submitted a motion to quash along with a notice of a hearing on the motion which was set for August 23, 1978.

Respondent's motion to quash argued that, a judgment having been entered in the case, further discovery was inappropriate unless specifically granted under Rule 27(b), M.R.Civ.P., which states:

> "(b) PENDING APPEAL. If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken . . ." (Emphasis added.)

Here it is noted by respondent that the only purpose of an order granting a leave under Rule 27(b) is to preserve testimony which may be lost in the event that the relief requested on appeal be granted and the case once again heard by the District Court. Recently, in Ash v. Cort (3rd Cir.

(1975), 512 F.2d 909, a case reversed on other grounds, 442 U.S. 66, the United States Court of Appeals upheld the decision of the District Court denying a Rule 27(b) motion to perpetuate testimony pending appeal. In discussing the rule, the Court stated:

> "We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which otherwise could be lost . . . The Rule states that the trial court 'may allow the taking of the depositions of witnesses to perpetuate their testimony . . . if the court finds that the perpetuation of the testimony is <u>proper</u> to avoid a failure or delay of justice . . .'

> ". . .

> "Without some showing that continued delay in granting discovery is likely to result in a loss of evidence, the assertion that no discovery has yet taken place is plainly irrelevant to Rule 27. Appellant makes almost no attempt to show why the requested testimony must be perpetuated. In conclusory terms, appellant's brief merely states: 'There exists a substantial risk that testimonial evidence will become unavailable if discovery is further postpone. It is probable that the officers and directors having first hand knowledge are over fifty years of age. They are all senior officers of a large industrial corporation. One director has already died. Memories may fade.'

> "Although age may be a relevant factor in showing that testimony must be perpetuated to avoid loss, we simply cannot agree that these conclusory remarks in any way show that evidence is likely to be lost while the appeal is pending.

> "Since plaintiff failed to assert reasons why it was necessary to perpetuate this testimony, we find no abuse of discretion in the trial court's denial of the motion."

We find that appellant's counsel made no attempt to comply with Rule 27(b) by requesting leave of court to take the deposition of William Yount, Jr. While the motion to perpetuate testimony was later submitted, no facts were presented as required by the rule to establish that the perpetuation of the testimony of Yount was necessary to avoid the failure or delay of justice. Sufficient oppor-

-6-

tunity for discovery and examination of witnesses was provided to appellant's counsel while respondent's motion for summary judgment was pending. Here, appellant's failure to do so indicates his willingness to stand on the evidence presented at the summary judgment hearing. We find appellant's actions improper and that he cannot supplement an inadequate record on appeal by way of reliance upon this deposition of Yount.

Next to be considered is the letter of B. H. Stevens which was submitted in opposition to respondent's motion for summary judgment. This letter from Stevens of the State Compensation Insurance Fund was intended to show that under workers' compensation law the State of Montana usually considered timber sawyers to be employees. The letter was improperly included in appellant's brief for several reasons: (1) it was not presented in the proper affidavit form as required by Rule 56, M.R.Civ.P.; (2) the opinion set forth in the letter could easily have been presented to the court in timely fashion in opposition to respondent's motion for summary judgment, rather than subsequently in support of a motion to set aside the verdict which had been granted on the merits; and (3) the letter sets forth a generalized opinion offered without either foundation or regard to the facts of the case.

We note that in appellant's brief he admits that the objection to the Yount deposition is well taken and for all intents and purposes should not be included. However, he argues that in the case of the Stevens letter we should consider the same under the Montana Rules of Evidence, Rule 803(a), which provides:

"The following are not excluded by the hearsay rule . . .

". . .

"8. . . . statements or data compilations in any form of public officers or agency setting forth its regularly conducted and regularly recorded activities . . ."

As previously noted above, we find that the letter was not presented in proper form and therefore cannot be considered.

The second issue is whether summary judgment was properly granted in favor of respondent where appellant's testimony established that respondent did not breach any legal duty owed appellant. Rule 56(c), M.R.Civ.P., states in pertinent part:

"The judgment sought should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Under this rule it is clear that summary judgment is appropriate only where the pretrial record discloses that (1) there are no genuine issues of material fact, and (2) that the moving party is entitled to judgment as a matter of law. Batey Land & Livestock Co. v. Nixon (1977), ___ Mont. ____, 560 P.2d 1334, 34 St.Rep. 105; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613.

Montana law is exceedingly clear in its requirement that a plaintiff is subject to summary judgment if he fails in establishing certain material elements in a negligence action. State ex rel. Burlington Northern, Inc. v. District Court (1972), 159 Mont. 295, 301, 496 P.2d 1152, 1156. As stated in Pickett v. Kyger (1968), 151 Mont. 87, 100, 439 P.2d 57, 63:

"It is hornbook law requiring no citation of authority that the material elements that the plaintiff must prove in order to prevail in a damage action of this kind are:

"(1) A duty owing from defendant to plaintiff;

"(2) A breach of that duty by defendant;

"(3) Constituting proximate cause of;

"(4) Injuries and damages to plaintiff.

"Plaintiff must introduce evidence proving or tending to prove each of these material elements in order to be entitled to have his case submitted to the jury. In the instant case plaintiff's evidence, viewed most favorably to plaintiff, tends to establish the duty, breach, injury, and damages. But there is a total absence of any evidence tending to establish a proximate causal connection between the breached duty and plaintiff's injuries and damages."

In Pickett this Court directed summary judgment in favor of the defendant as a result of the plaintiff's failure to establish a proximate causal connection.

In Flansberg v. Montana Power Company (1969), 154 Mont. 53, 58-60, 460 P.2d 263, the rule was expressed under circumstances similar to the instant case:

"The facts appearing in the record reveal a total absence of negligence on the part of defendant or its employees. This alone is sufficient to authorize summary judgment for defendant . . .

"To sustain a claim for relief based on alleged negligence, the plaintiff must prove both negligence and proximate cause. [Citations omitted.] Further, negligence imports such a want of attention to the nature and probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns . . . Here the plaintiff, having presented his evidence on the issue of negligence, has failed to produce any substantial evidence to support his claim. Whether or not there is substantial evidence presented by plaintiff is a question of law for the Court and not a question of fact for the jury. [Citations omitted.]

"If there is no evidence of any negligent act or omission by defendant, a nonsuit is properly granted. [Citations omitted.] This rule is equally applicable to a motion for summary judgment under the circumstances disclosed here."

-9-

Under the circumstances of the accident here, whether appellant Scott was an employee or an independent contractor, the duty owed him by respondent was that of a business invitee. Under the case law of this state an individual has been held to be a business invitee if there exists some common interest or mutual advantage gained by the invitor or the property owner. State ex rel. Burlington Northern, Inc. v. District Court (1972), 159 Mont. 295, 304, 496 P.2d 1152, 1157-58. From appellant's testimony it appears that a common interest is shown:

> "Q. In a sense, the three of you were really working together toward a common goal, isn't that correct? A. Well, yes, trying to make a dollar, yes.

> "Q. Trying to get as many logs in as you could? A. Well, yes.

> "Q. In the course of pursuing that goal would you occasionally help each other at tasks, particular things? A. Well, I have skidded with the cat a few times, but not very much. Bill did most of it. And I have helped Gary boom down if I happened to be there or something, to hook a chain or somethings, you know, but that was it, you know.

> "Q. This was just an occasional thing, not consistent? A. Yes. That wasn't my job. He never told me to do it or anything. I just did it."

The general rule is that a property owner is liable to an invitee for injuries occasioned by unsafe conditions upon premises encountered in the work which are known to the property owner but unknown to the injured person. 41 Am.Jur.2d Independent Contractors §27, p. 781. This Court has held under the general rule that the duty owed the business invitee is to exercise ordinary care to have the premises reasonably safe or to warn the invitee of any hidden or lurking dangers; the invitor is not, however, an insurer against all accidents and injuries to invitees. See, Dunham v. Southside National Bank of Missoula (1976), 169 Mont.

-10-

466, 548 P.2d 1383; Hackley v. Waldorf Hoerner Paper Co., (1967), 149 Mont. 286, 425 P.2d 712; and Cassaday v. City of Billings (1959), 135 Mont. 390, 393, 340 P.2d 509, 510-11.

It is undisputed that appellant suffered his injuries as a result of an incident which occurred on respondent's ranch. We must look to the law of Montana for the proper guidelines to consider the facts of this case. It has been long established and is a rule in Montana that "an inference of negligence cannot be drawn from the bare fact that an injury occurs." Thompson v. Llewellyn (1959), 136 Mont. 167, 169-70, 346 P.2d 561, 562.

The method of determining whether respondent was negligent in this instance is described in Mang v. Eliasson (1969), 153 Mont. 431, 436-38, 458 P.2d 777, 780-81, where this Court stated:

> "It has been well said that a defendant who could not foresee any danger of direct injury resulting from his conduct or any risk from an intervening force is not negligent. Taylor v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co., 142 Mont. 365, 371, 384 P.2d 759; Lencioni v. Long, 139 Mont. 135, 361 P.2d 455 . . .
>
> "Foreseeability is of prime importance in establishing the element of duty, and the question of defendant's negligence, if any, must of necessity hinge on the finding of a breach of that duty. If a reasonably prudent defendant can foresee neither any danger of direct injury nor any risk for an intervening cause he is simply not negligent . . .
>
> "Harper and James, The Law of Torts, [Vol. 2] at page 1018, state the prevailing view. The obligation of defendants turns on whether:
>
> "'. . . The offending conduct foreseeably involved unreasonably great risk of harm to the interest of someone other than the actor . . . The obligation to refrain from . . . particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks and hazards whose likelihood made the conduct unreasonably dangerous. Duty, in other words is measured by the scope of the risk which negligent conduct foreseeably entails.'" (Emphasis added.)

-11-

See also, Jackson v. William Dingwall Co. (1965), 145 Mont. 127, 135, 399 P.2d 236, 240, where this Court upheld the dismissal of plaintiff's action, stating:

> "Negligence carries with it liability for conse-
> quences which in light of attendant circumstances
> could reasonably have been anticipated by a pru-
> dent man, but not for casualties which, though
> possible, were wholly improbable. [Citation omit-
> ted.] Negligence is the absence of care, accord-
> ing to the circumstance. . ."

Here, as in Jackson, the deposition of appellant clearly shows that respondent did not breach any duty owed appellant. The fact that appellant had no obligation to have anything to do with the loading of the truck and binding it down is fully revealed by his testimony.

According to appellant's testimony, there was no reason for him to perceive any danger from the load of logs; nor was there any warning that one of them would fall off the truck. The load of logs had settled for at least five minutes as the men who were there could see. It is further shown by the testimony that respondent gave no orders to appellant to assist him, nor did he have any indication that appellant had walked up to the truck to help him in binding the load. Under these circumstances there was no indication that the loading of the logs had created additional risk of harm or that appellant was endangered by the load. We cannot perceive that respondent breached any duty to appel-lant to keep the premises reasonably safe or to warn of any hidden or lurking dangers. Under the evidence presented, there is no showing that respondent was negligent or that liability attached.

For the above reasons, it is not necessary to consider the third issue presented, that of the question of the independent contractor. The order of the District Court granting summary judgment is affirmed.

_____
Justice

-12-

We concur:

_____
Chief Justice

_____


_____


_____
Justices