No. 83-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

TRAVIS M. BARKER,

> Plaintiff and Appellant,

-vs-

RICE MOTORS,

> Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:
>
> J. V. Barron, Great Falls, Montana

> For Respondent:
>
> Swanberg, Koby, Swanberg & Matteucci; Ray F. Koby,
> Great Falls, Montana

---

Submitted on Briefs: September 29, 1983

Decided: January 26, 1984

Filed:    JAN 26 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff buyer, Travis M. Barker, appeals from an order of the Cascade County District Court granting defendant seller, Rice Motor Incorporated's motion for summary judgment and dismissing buyer's amended complaint. Buyer had sued seller for fraud alleging the automobile buyer purchased from seller was "used," not "new" as represented by seller. Buyer sought rescission of the sales contract and return of the downpayment and installment payments made, as well as treble and punitive damages. We affirm.

The trial court granted seller's motion for summary judgment based on the pleadings, affidavits, depositions and answers to interrogatories as a matter of record on June 17, 1983. The trial court deemed that to be the submission date of seller's motion and therefore did not consider buyer's affidavit filed July 17, 1983, eight days before the motion was set for hearing. It was error for the trial court to exclude buyer's affidavit from consideration because buyer had a right under Rule 56(c), M.R.Civ.P, to serve an opposing affidavit any time before the date of hearing. However, it was harmless error. The affidavit fails to set forth any facts to show that the car was anything but new. Therefore, the buyer had no action for fraud and it was proper to dismiss the amended complaint. The appellant's brief fails to set forth an issue. The record discloses, however, that the sole issue is whether the trial court properly ruled as a matter of law that buyer purchased a "new" automobile rather than a "used" automobile. The ruling was correct.

The facts surrounding the sale of this car help to clarify the confusion. In October, 1982, Rent-A-Car, Inc., a wholly-owned subsidiary of seller, negotiated to sell out to a third, unrelated corporation, Overland West, Inc. As part of that buyout plan, Rent-A-Car agreed it would not own any cars at the time Overland West assumed control of it. Therefore, it was necessary for Rent-A-Car to sell its existing rental fleet as well as the new cars it had ordered from seller, but had not yet received. Seller agreed to assist Rent-A-Car in selling the cars, both new and used. The car in question, a 1983 AMC Eagle station wagon, was one of the "new" cars Rent-A-Car had ordered from seller.

When seller received it from the manufacturer, it was titled in Rent-A-Car's name, but Rent-A-Car had never obtained possession. The car was sent from the manufacturer directly to the seller and it was placed on seller's lot for sale as a new car. Rent-A-Car never used the car in the rental business and the seller never offered the car as a rental car. At the time buyer purchased the car, the car had 50 miles on the odometer and buyer signed an odometer statement to that effect.

Section 61-1-117, MCA, defines a "used motor vehicle", and that section provides:

> "Used motor vehicle. The term 'used motor vehicle' as used in chapters 3 and 4 shall include any motor vehicle which has been sold, bargained, exchanged, given away, or title transferred from the person who first took title to it from the manufacturer, importer, dealer, or agent of the manufacturer or importer, and so used as to have become what is commonly known as 'second hand' within the ordinary meaning thereof." (Emphasis added.)

Buyer contends there is a question of fact whether the car is "second hand" because it was originally titled in Rent-A-Car and then went to seller before he bought it. The facts do

not support buyer's position and buyer interprets the statute out of context. Seller's documents supporting its motion establish that the car was never enrolled as part of Rent-A-Car's Hertz fleet, and immediately upon delivery the car was placed on seller's lot to be sold as a new car. Rent-A-Car never did physically transfer title to the seller.

Furthermore, buyer reads section 61-1-117, MCA, too restrictively. He contends that because the car was titled to a rental agency before he bought it from seller, there is a question of fact as to whether the car is "second hand" under the statute. But, the statute requires not only a transfer of title or some other exchange, but also that the car has been "so used" as to become "second hand." Buyer has failed to show by affidavit or otherwise that the car was used for anything but demonstration or road test purposes.

The Michigan Supreme Court interpreted a statute identical to section 61-1-117, MCA, in Salway v. Alger (1948), 321 Mich. 211, 32 N.W.2d 505. Salway was a used car dealer who had his license revoked because he was selling new cars without a state license. The Michigan court rejected his argument that because the new cars had been titled in a private name before he acquired them, the cars were "used" under the Michigan statute. The court in Salway noted that the statute required a two-pronged showing. First, he had to show that the titles had been transferred, and second, that the cars had been "so used" as to become "second hand."

It was buyer's burden to show by affidavit that there was a genuine issue as to whether the car was "new" or "used." Buyer could not rely on his pleadings, Flansberg v. Montana Power Co. (1978), 154 Mont. 53, 460 P.2d 263, and buyer's affidavit established no issue of fact regarding the

condition of the car. He therefore did not sustain his burden.

We hold that the trial court correctly ruled as a matter of law that the 1983 AMC Eagle that buyer purchased from seller was not a "used motor vehicle" as that phrase is defined in section 61-1-117, MCA. Rather, it was a new vehicle.

The order of the trial court granting seller's motion for summary judgment and dismissing buyer's amended complaint is affirmed.

_Daniel J. Shea_
Justice

We Concur:

_Frank J. Haswell_
Chief Justice

_L. C. Gulbrandson_

_John C. Sheehy_

_Fred J. Weber_
Justices

- 5 -